2124

Margaret Gail ROGERS, Respondent v. KUNJA KNITTING MILLS, INC., Employer, Hartford Accident & Indemnity, and Insurance Company of North America, Carriers, Appellants.

(440 S.E. (2d) 401)

Court of Appeals

*Samuel T. Brunson,* of *Coleman, Aiken & Chase,* Florence; and *Michael E. Chase,* Columbia, *for appellants.*

*E.N. Zeigler,* Florence, *for respondent.*

Heard Dec. 8, 1993.

Decided Jan. 24, 1993. Reh. Den. Mar. 3, 1994.

*Per Curiam:*

This is a workers' compensation case. Margaret Gail Rogers claimed she suffered an occupational disease (contact dermatitis) from contact with "Shima oil" while employed with Kunja Knitting Mills USA, Inc. The single commissioner denied her claim and the full commission affirmed. Rogers petitioned for judicial review and the circuit court reversed. Kunja appeals. We reverse.

Kunja employed Rogers from February 1988 to November 1989 in its knitting department. As part of her employment, Rogers was required to clean knitting machines with the Shima oil. She noticed the oil burned her hands after she used it. On May 18, 1988, Rogers complained to her employer that the oil had injured her hands and face and she was referred to the plant physician, Dr. Askins, who prescribed medication. She also went to Marion Memorial Hospital for treatment. In May of 1988, on the advice of Dr. Askins, Rogers did not return to work for a period of one week.

From March 1989 to July 1989 Rogers was on maternity leave. She returned to work in September 1989 and her contact with the Shima oil increased, causing her condition to flare up again. She reported this to her supervisor in October 1989 and was referred to Dr. Garner. Dr. Garner prescribed medication and sent her back to work.

In November of 1989, Rogers was terminated from employment with Kunja. She continued to suffer itching, burning, and pain in her joints and on her face. She went to see Dr. Cutler on January 8, 1990 and claims she first learned she had chronic dermatitis as a result of an October 1, 1990 letter to her attorney regarding her January visit.

Rogers testified after reporting to her supervisor that the oil had injured her, the supervisor took her to the company's insurance clerk. She stated she asked the clerk "Is that all I have to do?" to which the clerk replied, "I got it from here. I'll send everything in." Her supervisor testified that when an employee reported an injury to him, he filled out an accident report and turned it over to the personnel manager. The supervisor did that with Rogers's claim. The insurance clerk testified once she received an accident report, she would make any necessary doctor's appointment and file the claim with the

carrier. She did not advise Rogers to do anything further towards pursuing a workers' compensation claim.

Rogers contended she sustained an occupational disease or, in the alternative, that she had sustained an injury by accident from her contact with the Shina oil. Kunja contended that under either theory the applicable statute of limitations had run on Rogers's claim. Kunja also contended Rogers suffered no "accidental" injury, that she did not suffer an occupational disease, and that she did not suffer any permanent disability or disfigurement due to the alleged injury.

Rogers filed her claim on November 16, 1990. She asserted she sustained an injury "beginning in February, 1988." On April 24, 1991, Rogers filed a second notice of claim asserting she suffered an occupational disease beginning in February 1988. Kunja denied her claims and asserted as a defense that the applicable statutes of limitation had run on Rogers's claim.

At the hearing, Rogers stipulated that as far as her claim of an injury by accident, the date was October 3, 1989, when she saw Dr. Garner. As to her claim of an occupational disease, Rogers claimed she first became aware of her condition on October 1, 1990, when Dr. Cutler advised her attorney that she had contact dermatitis.

The single commissioner noted Rogers alleged the date of her injury to be February 1988, and determined the date of the accident, if any, for the injury by accident claim was February 1988, when Rogers was first exposed to the oil. The commissioner held the statute of limitations had run since more than two years elapsed between the date of the accident and the date Rogers filed her notice of claim.

The commissioner also held that Rogers was "definitively diagnosed and notified that she had dermatitis by Dr. Askins on May 17, 1988. . . ." The commissioner determined that the applicable statute of limitations had therefore run on her occupational disease claim since over two years elapsed after May 17, 1988 before she filed her notice of claim. The commissioner found "[Kunja] clearly did not mislead [Rogers] in any way concerning her workers' compensation claim." Accordingly, the commissioner denied Rogers's claim for benefits. Rogers filed a request for review and the full commission affirmed.

Rogers petitioned for review by the circuit court. The circuit court found Rogers did not file her notice of claim in 1988

because of representations made to her by her supervisor and Kunja's insurance clerk. The court also found that Rogers suffered a "cascade" type injury, culminating on October 6, 7, and 8, 1989. The court found Rogers was never notified that she had any disease or that she suffered contact dermatitis. The court concluded the commissioner's finding that Rogers was not entitled to any temporary total disability compensation, permanent disability compensation, or benefits for disfigurement was "erroneous because the overwhelming evidence in the record is to the contrary." (Emphasis ours.) The court also concluded the commission's finding that Kunja did not mislead Rogers concerning filing her claim "is not based on any evidence produced by [Kunja] and is contradicted by the overwhelming evidence presented by Rogers." (Emphasis ours.) The court held her claim was not barred by the statute of limitations. Accordingly, the circuit court reversed the commission's order and ordered the case remanded to the commission for further action. Kunja then brought this appeal.

A decision of the Workers' Compensation Commission must be affirmed if factual findings are supported by substantial evidence. *Stokes v. First National Bank*, 306 S.C. 46, 410 S.E. (2d) 248 (1991). Substantial evidence is evidence which, considering the record as a whole, would allow reasonable minds to reach the conclusion that the administrative agency reached to justify its action. *Id.; See McGuffin v. Schlumberger-Sangamo*, 307 S.C. 184, 186, 414 S.E. (2d) 162, 163 (1992) ("Substantial evidence is not a mere scintilla of evidence but evidence which, considering the record as a whole, would allow reasonable minds to reach the conclusion the agency reached.").

In a workers' compensation case, the full commission is the ultimate fact finder. *DeBruhl v. Kershaw County Sheriff's Dept.*, 303 S.C. 20, 397 S.E. (2d) 782 (Ct. App. 1990). The final determination of witness credibility and the weight to be accorded evidence is reserved to the full commission and it is not the task of the court to weigh the evidence as found by the commission. *Id.* Where there are conflicts in the evidence over a factual issue the findings of the commission are conclusive. *See Stokes, supra,* 410 S.E. (2d) at 251 (regardless of a conflict in the evidence, either of different witnesses

or of the same witness, a finding of fact by the commission is conclusive).

In reversing the Workers' Compensation Commission, the circuit court found its own facts contrary to those found by the commission. This was error because although the evidence conflicted, the commission's findings were supported by substantial evidence. An appeal in a workers' compensation case is not a new trial. Circuit court judge's are not at liberty to decide the case as if there had been no decision by the Workers' Compensation Commission. The Administrative Procedures Act mandates that the commission take the evidence, judge the credibility and weight of that evidence, and from that judgment determine the facts in the case. The circuit court's role is appellate only, and is limited to deciding whether the commission's decision is not supported by substantial evidence or is controlled by some error of law. The court must look at the record as a whole and determine whether a reasonable mind might reach the same conclusion as that reached by the commission. It is not within the court's power to decide that the weight of the evidence (i.e. the "overwhelming" evidence) supports contrary findings from those of the commission. Accordingly, the order of the circuit court reversing the decision of the Workers' Compensation Commission is

Reversed.