2233

HARTFORD ACCIDENT AND INDEMNITY, Respondent v. SOUTH CAROLINA SECOND INJURY FUND, Appellant, In re Thomas R. HEADRICK, Employee v. ORR CONSTRUCTION COMPANY, Employer, and Hartford Accident & Indemnity, Carrier.

(450 S.E. (2d) 110)

Courts Of Appeals

*Brooks Shealy,* Columbia, *for appellant.*

*Mary Layton Wells,* of *Scott & Roberts;* and *Alvin A. Coleman, Jr., Aiken & Chase,* Florence, *for respondent.*

Heard Sept. 8, 1994

Decided Oct. 3, 1994; Reh. Den. Nov. 22, 1994.

CONNOR, Judge:

In this action for reimbursement from the Second Injury Fund, the Workers' Compensation Commission determined Hartford Accident and Indemnity Company qualified for reimbursement. The circuit court affirmed. The Second Injury Fund appeals. We reverse.

Orr Construction Company employed Thomas Headrick as a carpenter and painter. The job application he completed asked, "Do you have any physical condition which may limit your ability to perform the job applied for?" Headrick replied, "No." Although he had suffered two prior, fairly serious back injuries, both of which required surgery, he had recovered and could work without problems.

After he had worked for several weeks, Headrick fell down

some stairs at work when his foot became tangled in a hose a coworker was using. Thereafter, he had to have further back surgery. The Workers' Compensation Commission found Headrick did not willfully misrepresent his physical condition because he had no physical limitations at the time he applied for the Orr job and, therefore, had a good-faith belief in his ability to perform the job at Orr. Accordingly, they qualified him for total disability compensation.

Hartford Accident and Indemnity, Orr's insurer, sought reimbursement from the Second Injury Fund. Based upon the record from the compensation claim, the hearing commissioner and Full Commission determined Headrick concealed his pre-existing back injuries from Orr. The circuit court affirmed this conclusion.

■ We must affirm a decision of the Workers' Compensation Commission if the factual findings are supported by substantial evidence. In other words, we must look at the record as a whole and determine if a reasonable mind could reach the same conclusion the commission reached. *Rogers v. Kunja Knitting Mills, Inc.,* — S.C. —, 440 S.E. (2d) 401 (Ct. App. 1994).

■ Section 42-9-400(c) of the South Carolina Code allows an employer to qualify for reimbursement from the Second Injury Fund if the employer did not have prior knowledge of the employee's preexisting physical impairment because the employee concealed the condition. S.C. Code Ann. § 42-9-400(c) (1985). The term "conceal" is not specifically defined in the statute. In construing a statute, courts should give words their plain and ordinary meaning and should not resort to subtle or forced construction to limit or expand the statute's operation. *Greenwood Mills, Inc. v. Second Injury Fund,* — S.C. —, 433 S.E. (2d) 846 (1993). The term "conceal" is commonly defined as "hide, secrete, or withhold from the knowledge of others." *Black's Law Dictionary* 288 (6th ed. 1990).

■ We conclude there is not substantial evidence Headrick concealed his injury. The question on the application concerning physical condition was very broad. The commission specifically found Headrick had no physical limitations which would have prevented him from performing his job when he was hired by Orr. In fact, he performed heavy

manual labor for Orr before his injury. Therefore, we find substantial evidence does not support the opinion of the commission and the circuit court.[1]

Reversed.

HOWELL, C.J., and CURETON, J., concur.

---

[1] The facts here are distinguishable from those in *Vines v. Champion Building Products*, — S.C. —, 431 S.E. (2d) 585 (1993), which held the Second Injury Fund provides reimbursement to employers who cannot prove either willful concealment or reliance on a misrepresentation. In this case there is no evidence of a concealment or a misrepresentation.