THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Donald E. Miles, Appellant
 
 
 

v.

 
 
 
 Merit Distribution Services, Inc, Employer, and American Home Assurance/AIG, Carrier, Respondents.
 
 
 

Appeal From Chesterfield County
 John M. Milling, Circuit Court Judge

Unpublished Opinion No. 2006-UP-366
Heard October 10, 2006  Filed October 24, 2006    

AFFIRMED

 
 
 
 Holly Saleeby Atkins, of Columbia, for Appellant.
 Jason W. Lockhart, of Columbia, for Respondents.
 
 
 

PER CURIAM:  In this workers compensation action, Donald E. Miles appeals a circuit court order affirming the decision of the Workers Compensation Commission (Appellate Panel) finding his neck and back injuries did not arise during the course of  his employment.  We affirm. 
FACTS
Donald Miles is a 57-year-old man who resides in McBee, South Carolina.  Miles worked as a professional truck driver for eighteen years, the last four of which he drove for Merit Distribution Services, Inc. (Merit).  On March 26, 2000, Miles finished making a delivery in Barnwell, South Carolina and was driving to Georgia to make a second delivery when he drove his tractor-trailer over railroad tracks.  As Miles tractor-trailer crossed over the tracks, a train struck the trailer.  The back end of the trailer tore off and the mechanism for the drivers seat broke.  While Miles was jostled around the cab by the collision he did not believe he was seriously injured and did not seek any medical treatment at the scene of the accident.  
The next day, Miles spoke with Merits Safety Manager, Frank Richardson.  Miles claims that when he informed Richardson he was experiencing neck and back pain Richardson told him that if he filed a claim for workers compensation he would lose his $1,200 safety bonus.  Miles did not believe his injuries to be severe and decided against telling anyone he was injured in the accident.    
On May 1, 2000, Miles went to see his general physician, Dr. Thomas Bell, because he had pain in his neck and shoulders, and his neck was popping.  Dr. Bell had seen Miles on March 14, twelve days before the accident, for neck pain and numbness in his fingers.  During the May 1 visit, Dr. Bell noticed Miles symptoms had become acute and ordered an MRI.  The MRI revealed a herniated disk.  At this point, Miles did not disclose to Dr. Bell that he had been involved in an accident.  Further, Miles sought medical treatment under his health insurance rather than filing a workers compensation claim.  
As Miles neck and back pain progressed, Dr. Bell referred him to Dr. Willie Edwards.  On May 25, 2000, Dr. Edwards examined Miles and noted in his report that Miles dates the onset and duration of symptoms over the past six months.  He denies any history of injury or antecedent event and reports no precipitating factors or other known triggers.  Dr. Edwards recommended fusion surgery.  After the surgery, Miles still continued to experience stiffness and pain in his neck and finally divulged to Dr. Bell and Dr. Edwards that he had been involved in an accident.  
On July 24, 2000, Miles filed for short-term disability benefits.  The application requested that Miles respond to the following question:  If due to an accident, give date of accident.  Miles left the space blank.  On January 5, 2001, Miles filed for long-term disability benefits.  The application asked [w]here and how did the injury occur.  Miles written response stated [u]known as to my knowledge.  Further, the application asked is your condition related to your occupation?  Miles checked the No box on the application.  
On July 2, 2003, Miles filed a workers compensation claim against Merit asserting he suffered a compensable injury during his employment on March 26, 2000.  At the hearing on June 25, 2004, Miles sought temporary-total disability benefits alleging the accident caused his injuries.  Although Merit admitted that an accident occurred on March 26, 2000, Merit denied Miles suffered any injury in the accident.  Merit took the position that any neck and back pain Miles experienced was unrelated to the accident.    
The Single Commissioner found that Miles testified that he did not initially pursue a workers compensation claim because he feared for his job and did not want to lose his safety bonus.  Further, the Single Commissioner found Miles specifically denied, both to his doctors and in his applications for disability benefits, that his injury was caused by any antecedent event.  The Single Commissioner concluded that Miles repeated denial of a work-related neck and back injury prevented a finding that Miles sustained a compensable injury on March 26, 2000.  The Single Commissioner found Miles did not carry the burden of proof required to establish his injury arose out of and occurred during the course of his employment.  Accordingly, the Single Commissioner denied Miles claim for temporary-total disability benefits.   
The Full Commission affirmed the Single Commissioner, adopting the Single Commissioners findings in full.  Following a hearing on the matter, the circuit court found the decision of the Appellate Panel was supported by substantial evidence in the record and affirmed that decision.  This appeal followed.
STANDARD OF REVIEW
The South Carolina Administrative Procedures Act (APA) establishes the standard of review for decisions by the Appellate Panel.  Lark v. Bi-Lo, Inc., 276 S.C. 130, 134-35, 276 S.E.2d 304, 306 (1981).  This court may reverse or modify a decision of the Appellate Panel if the findings or conclusions are clearly erroneous in view of the reliable, probative and substantial evidence on the whole record.  S.C. Code Ann. § 1-23-380(A)(6)(e) (2005).  Under the scope of review established by the APA, this court cannot substitute its judgment for that of the Appellate Panel as to the weight of the evidence on questions of fact.  Shealy v. Aiken County, 341 S.C. 448, 455, 535 S.E.2d 438, 442 (2000). 
The substantial evidence rule of the APA governs the standard of review in a workers compensation decision. Lark, 276 S.C. at 134, 276 S.E.2d at 306.  A finding is supported by substantial evidence unless there is no reasonable probability that the facts could be as related by a witness upon whose testimony the finding was based.  Id. at 136, 276 S.E.2d at 307.   Substantial evidence is that which, in viewing the record as a whole, would allow reasonable minds to reach the same conclusion as the Appellate Panel.  Gray v. Club Group, Ltd., 339 S.C. 173, 183, 528 S.E.2d 435, 440 (Ct. App. 2000) (citation omitted).
In workers compensation cases, the Appellate Panel is the ultimate fact-finder and is not bound by the Single Commissioners findings of fact.  Shealy, 341 S.C. at 455, 535 S.E.2d at 442.  The final determination of witness credibility and weight to be accorded evidence is reserved to the Appellate Panel.  Id.  The possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agencys findings from being supported by substantial evidence.  Sharpe v. Case Produce, Inc.,  336 S.C. 154, 519 S.E.2d 102 (1999).     
Generally, whether an injury arose out of and was in the scope of employment is a question of fact.  Id. at 159, 519 S.E.2d at 105 (citation omitted).  Because causation is a question of fact, the Appellate Panels decision on the issue will be affirmed if supported by substantial evidence in the record. Id. at 160, 519 S.E.2d at 105.  
LAW/ANALYSIS

On appeal, Miles asserts the circuit court erred in affirming the Appellate Panels decision because it was unsupported by substantial evidence and affected by legal error. He contends the Appellate Panel erroneously denied his claim for benefits due to his initial dishonesty in denying he was injured in the accident.  We disagree.
It is undisputed that Miles had an accident in the course of his employment.  Therefore, the issue in this case involves a determination of whether Miles subsequent neck and back pain, for which he sought treatment under his health insurance, arose out of his employment.  For the reasons set forth below we find substantial evidence supports the finding that Miles neck and back pain were not caused by the work-related accident and, therefore, did not arise out of and in the course of his employment.    
In order for an injury to be compensable under the South Carolina Workers Compensation Act, the injury must arise out of and in the course of the employment.  S.C. Code Ann. § 42-1-160 (1976).  The phrase arise out of refers to the injurys origin and cause.  Gray v. Club Group, Ltd., 339 S.C. 173, 186, 528 S.E.2d 435, 442 (Ct. App. 2000).   The South Carolina Supreme Court explained that an injury arises out of employment when there is apparent to the rational mind upon consideration of all the circumstances, a causal connection between the conditions under which the work is required to be performed and the resulting injury.  Id. at 187, 528 S.E.2d at 442.  Further, the burden of proof is on the claimant to prove such facts as will render the injury compensable within the provisions of the State Workmens Compensation Law.  Smith v. Union Bleachery/Cone Mills,  276 S.C. 454, 456, 280 S.E.2d 52, 53 (1981)  (citing Ellis v. Spartan Mills, et al., 277 S.E.2d 304 (1981)).
In reviewing the medical records in this case, noticeably absent is any mention of Miles neck and back problems being caused by his work-related accident.  To the contrary, the records show that Miles denied that his injuries stemmed from any prior event.  Moreover, the medical records show that Miles sought treatment for his neck injury as far back as September of 1999.  Additionally, when Miles sought disability benefits, he again denied his condition was caused by any specific event or that his injuries were related to his employment.  
Furthermore, the Appellate Panel considered the evidence Miles submitted in favor of his position, including his testimony and the testimony of Dr. Bell, who despite not noting the accident in any of Miles medical records testified that he thought Miles neck and back problems were most probably related to the accident.  Therefore, Miles presented evidence before the Appellate Panel that he repeatedly denied he was injured in the work-related accident but now claims that he was untruthful and the accident caused his injuries.   
 The Appellate Panel considered and weighed the evidence and found that Miles injuries were not caused by the work-related accident.  In a workers compensation case, [t]he final determination of witness credibility and the weight to be accorded evidence is reserved to the [Appellate Panel] and it is not the task of the court to weigh the evidence as found by the [Appellate Panel]. Rogers v. Kunja Knitting Mills, Inc,.  312 S.C. 377, 380-81, 440 S.E.2d 401, 403 (Ct. App. 1994) (citation omitted).  Therefore, we find substantial evidence exists upon which the Appellate Panel could conclude Miles injuries were not caused by the March 26, 2000 accident.  See Jones. v. Georgia-Pacific Corp., 355 S.C. 413, 418, 586 S.E.2d 111, 113-114 (2003) (Our standard of review does not permit us to weigh the evidence and make our own determination. We are bound to uphold the [Appellate Panels] decision unless its factual determination is not supported by substantial evidence.) (citations omitted).  Accordingly, the circuit court did not err in affirming the Appellate Panels decision that Miles injuries did not arise out of and during the course of his employment.  
          Next, Miles argues the circuit court erred in affirming the Appellate Panels decision because the Appellate Panel failed to recognize that his pre-existing injuries were aggravated by his work-related accident.  This issue, having not been raised before the Appellate Panel or the circuit court, is not preserved for review.  See Wilder Corp. v. Wilke, 330 S.C. 71, 76, 497 S.E.2d 731, 733 (1998) (It is axiomatic that an issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the trial judge to be preserved for appellate review.); Rodney v. Michelin Tire Corp., 320 S.C. 515, 517, 466 S.E.2d 358, 359 (1996) (Arguments not raised to the workers compensation commission or to the circuit court are not preserved for appeal).
CONCLUSION
 We find substantial evidence supports the finding that Miles injuries were not caused by his work-related motor vehicle accident, and, therefore, did not arise out of and in the course of his employment.  Accordingly, the order of the circuit court is 
AFFIRMED.  
ANDERSON, HUFF, and SHORT, JJ. concur.