THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Jeremy Scott
 Burwell, Appellant,
 v.
 Ponderosa, Inc.
 d/b/a Pirate Land Campground, Employer, and The Hartford, Carrier, Respondents.
 
 
 

Appeal From Horry County
 J. Michael Baxley, Circuit Court Judge

Unpublished Opinion No.  2008-UP-608
 Submitted November 3, 2008  Filed
November 6, 2008

AFFIRMED

 
 
 
 C. Daniel Vega, of Columbia, for Appellant.
 John McIntyre Tolar and Weston Adams, III, both of Columbia, for Respondent.
 
 
 

PER CURIAM:  Jeremy Scott
 Burwell appeals the circuit courts order denying coverage because he failed to
 provide his employer, Pirate Land Campground (Employer), with timely notice of
 the injuries he sustained.  Specifically, he argues the circuit court erred in
 affirming the Appellate Panels order because 1) Employer had notice in fact of
 his injuries; 2) Burwell provided a reasonable excuse for failing to give
 notice; and 3) Employer was not prejudiced from the late notice.  We affirm pursuant to Rule 220(b), SCACR, and the
 following authorities. 
1.  As to the
 question of whether the Appellate Panel erred in finding Burwell failed to
 provide timely notice:  S.C. Code Ann. § 42-15-20 (A) (Supp. 2007) (requiring injured
 employees give notice to employers of an accident unless it can be shown that
 the employer . . . had knowledge of the accident . . . .); S.C. Code Ann.
 §42-15-20 (B) (Supp. 2007) ([N]o compensation shall be payable unless such
 notice is given within ninety days after the occurrence of the accident . . .
 .); Lizee v. S.C. Dept. of Mental Health, 367 S.C. 122, 127, 623 S.E.2d
 860, 863 (Ct. App. 2005) (holding the claimant bears the burden of proving
 compliance with the statutory notice requirements); Rogers v. Kunja Knitting
 Mills, Inc., 312 S.C. 377, 380, 440 S.E.2d 401, 403 (Ct. App. 1994) (The
 final determination of witness credibility and the weight to be accorded
 evidence is reserved to the [Appellate Panel] and it is not the task of the
 [appellate] court to weigh the evidence as found by the [Appellate Panel].).
2.  As to whether
 the Appellate Panel erred in finding Burwell did not provide a reasonable
 excuse for failing to provide notice:          S.C. Code Ann. §42-15-20 (B)
 (Supp. 2007) (asserting unless injured employees give notice within ninety days
 of the accident no compensation shall be payable . . . unless reasonable
 excuse is made to the satisfaction of the [Appellate Panel] for not giving
 timely notice, and the [Appellate Panel] is satisfied that the employer has not
 been prejudiced thereby). 
3.  As to whether
 the Appellate Panel erred in finding Employer was prejudiced:  Gray v. Laurens Mills, 231 S.C. 488, 492, 99 S.E.2d 36, 38
 (1957) ([L]ack of prejudice does not justify compensation unless the
 requirement of reasonable excuse is also satisfied.); see also Ringer v. Graham, 286 S.C.
 14, 20, 331 S.E.2d 373, 377 (Ct. App. 1985) (determining discussion of
 remaining issues was unnecessary after reversing a directed verdict).  
AFFIRMED.
ANDERSON, HUFF, and
 THOMAS, JJ., concur.