### 18689

Wash GREEN, Respondent, v. RAYBESTOS-MANHATTAN, INC., and United States Casualty Company, Appellants

(156 S. E. (2d) 318)

*Messrs. Sinkler, Gibbs & Simons,* of Charleston, *for Appellants,*

*Messrs. Steinberg, Levoff & Spitz,* of Charleston, *for Respondent,*

August 7, 1967.

LITTLEJOHN, Justice.

The respondent, Wash Green, was employed by Raybestos-Manhattan, Inc., for a period of 21 years until discharged in June, 1965. Soon after his discharge he filed a claim under the Workmen's Compensation Law for a back injury alleged to have occurred two years previously, in June, 1963, against his employer and its insurance carrier, United States Casualty Company.

The case came to be tried before the Hearing Commissioner (J. Dawson Addis), who denied compensation, holding that the employee failed to give notice to his employer of an accident arising out of and in the course of his employment within 30 days as required by Section 72-301 of the Code, and holding that the employee failed to file a claim with the Workmen's Compensation Commission within one year of his alleged accident as required by Section 72-303 of the Code, and holding that there was no reasonable excuse for failure to give notice, and that the employer had not waived its right to plead the statutes as a defense to the claim.

The order of the Hearing Commissioner came to be reviewed by the full Commission, which reversed the Hearing Commissioner and held by a three-two vote that the employee did give notice; and that the employer was estopped by its own conduct to defend on the basis of the failure of the employee to comply with either Section 72-301 or 72-303. An award was made to the claimant.

It must be conceded that whether there was an accident and injury to the employee's back, and whether notice was given, and whether the employer should be estopped to assert either of the two statutes as a defense are all purely factual questions for the Commission to determine since there is evidence to sustain either of the conflicting views on each point.

At the hearing before the full Commission, three members of the Commission questioned the claimant, and questioned the personnel manager of the employer informally while they were not under oath. The questions and answers given were recorded except as shown at two places in the record, where the reporter indicates "Further remarks." We have no way of knowing what questions and/or answers were omitted. Obviously, the record is incomplete. There was no objection to such questions and answers by counsel for either side.

In the majority opinion, which reversed the Hearing Commissioner, significance is attached to such questions and answers as follows:

"At the time of the review before this Commission both the claimant and Mr. Sullivan were present, and oral examination of the claimant and Mr. Sullivan was made by members of the Commission as to the alleged facts and circumstances surrounding this injury and medical care attendant therewith, and under all the circumstances it is easy to see that this employee, after reporting the accident and being furnished with medical attention and advice, would be misled into believing that his claim had been accepted and would

require no further action on his part until such time as he had been dismissed from medical care and employment."

The employer appealed the full Commission's award to the circuit court on several grounds, three of which grounds are now before this court, being stated in appellants' exceptions as follows:

"1. His Honor erred in holding that the Appellants' exception to the Commission's engaging and relying upon informal colloquy with the Claimant and Employer's representative at the Full Commission Hearing was without merit since no objections were raised at the time such exchange took place.

"2. His Honor erred in failing to hold that the Majority Commission erred in making findings of fact and conclusions of law inconsistent with the findings and conclusions of the Single Commissioner where they did not first find that the findings and conclusions of the Single Commissioner were not based on competent substantial evidence.

"3. His Honor erred in failing to hold that the Majority Commission erred in reversing the Single Commissioner where there was a direct conflict in the evidence and the latter's Opinion was based upon the credibility of the witnesses."

The full Commission has a broad discretion for its proceedings, as indicated by Section 72-355, which reads as follows:

"*Review and rehearing.* If an application for review is made to the Commission within fourteen days from the date when notice of the award shall have been given, the Commission shall review the award and, if good grounds be shown therefor, reconsider the evidence, receive further evidence, rehear the parties or their representatives and, if proper, amend the award."

The Commission has promulgated its Rule 16, outlining proper procedure for the taking of additional testimony before the full Commission, which procedure was not followed in this case.

The first exception indicated above charges prejudice to the employer's case in that the commissioners undertook of their own volition to question two unsworn witnesses, and based their findings, at least partially, on their statements. It was the holding of the circuit judge that this ground of appeal was without merit inasmuch as no objection to the procedure was interposed. We do not know what was said before the full Commission as indicated by "Further remarks" in the record. The part reported is not greatly, if at all, different from what these witnesses had testified to before the Hearing Commissioner.

Counsel for the appellants submits that inasmuch as this case must be determined on a basis of credibility of the witnesses, independent of any answers given, the credibility of all the witnesses was at issue, and argues that obviously the claimant received an unwarranted benefit on the credibility issue.

We are of the opinion that if the full Commission undertakes to receive additional evidence, due process requires that counsel should be alerted beforehand so that they may be prepared to participate in the proceedings. Such is required by the Commission's own Rule 16, a portion of which reads as follows:

"* * * when either the employee or employer seeks to introduce new evidence at a review, application must be made for the introduction of new evidence; such application must be in writing and filed with the commission and a copy with accompanying affidavits furnished the opposite side, * * *.

"* * * and the commission will act upon such application prior to hearing on appeal."

Where the Commission sits as judge and jury, as the full Commission did, it is understandable that counsel would be reluctant to object to questions asked by Commissioners. He may well have felt that he could not in good propriety object to questions which the several Commissioners obviously thought were proper. Cf. *State v. Vickers,* 226 S. C. 301,

84 S. E. (2d) 873. More important and decisive is the fact that counsel could not reasonably be expected to anticipate that the Commissioners asking the questions would accord the claimant an unwarranted benefit on the credibility issue.

We hold that the Commission erred in taking unsworn testimony from a portion of the witnesses and in relying upon the same as a basis for its findings. Credibility of the various witnesses being the key to the correct determination of this case, prejudice to appellants from such error can be cured only by remanding the case to the full Commission for the purpose of taking all of the testimony anew and availing itself of full opportunity to pass upon the credibility of all of the witnesses.

By exceptions 2 and 3 the appellants contend that the full Commission is not authorized to find facts and make conclusions inconsistent with the Hearing Commissioner's holdings where such were based on competent, substantial evidence, and submit that the full Commission may not substitute its findings of fact and conclusions of law where the Hearing Commissioner's findings and conclusions are expressly based upon the credibility of the witnesses whom he has personally observed. Such has not been the holding of this court and we construe the statute to empower the full Commission to make its own findings of fact and to reach its own conclusions of law consistent with or inconsistent with those of the Hearing Commissioner. It is logical for the full Commission, which did not have the benefit of observing the witnesses, to give weight to the Hearing Commissioner's opinion, but the full Commission may under our statute disagree. See *Riddle v. Fairforest Finishing Company,* 198 S. C. 419, 18 S. E. (2d) 341.

Let the case be reversed and remanded to the full Commission for further action consistent with the views hereinabove expressed.

Reversed and remanded.

Moss, C. J., and LEWIS, BUSSEY and BRAILSFORD, JJ., concur.