## 18808

Arthur SANDERS, Respondent, v. Robert RICHARDSON, and American Fire and Casualty Company, Appellants

(162 S. E. (2d) 257)

*Messrs. Leatherwood, Walker, Todd & Mann,* of Greenville, *for Appellants,*

*John Bolt Culbertson, Esq.,* of Greenville, *for Respondent.*

July 9, 1968.

Moss, Chief Justice.

This is a proceeding under the Workmen's Compensation Act, Section 72-1, *et seq.* of the 1962 Code, instituted by Arthur Sanders, the respondent herein, against Robert Richardson, employer, and American Fire & Casualty Company, carrier, the appellants herein.

The respondent was an employee of Robert. Richardson and asserts that on October 21, 1966, he sustained an injury while lifting a heavy bag of mortar mix and that said injury arose out of and in the course of his employment.

A hearing was convened by a Single Commissioner to determine whether or not the respondent sustained an injury by accident arising out of and in the course of his employment; and, if so, to determine what benefits and compensation he was entitled to under the Act. It was the position of the appellants that (1) the respondent did not give notice of the accident within thirty days as required by Section 72-301 of the Code; and (2) there was no causal connection between any alleged accident and his subsequent physical condition.

The Single Commissioner, on April 7, 1967, filed an opinion and award holding and finding as a fact that the employer had knowledge of the accident within thirty days after its occurrence and that the respondent sustained an injury that arose out of and in the course of his employment. Application for review by the Full Commission was duly filed by the appellants and on June 22, 1967, the opinion and award of the Hearing Commissioner was affirmed. Timely

and proper notice of intention to appeal was given and the matter was heard by the Honorable James H. Price, Jr., Judge of the Greenville County Court, who, by his order of August 4, 1967, affirmed the opinion and award of the Full Commission. From this order timely notice of intention to, appeal to this court was given.

The appellants, by appropriate exceptions, challenge the sufficiency of the evidence to support a finding of compliance by the respondent with Section 72-301 of the Code, and that the respondent sustained an injury by accident arising out of and in the course of his employment. It is our view that we need only concern ourselves with the question of whether there was evidence to sustain the finding of compliance with Section 72-301 of the Code.

Admittedly, the respondent did not give any written notice to his employer as required by the aforesaid statute, but the Commission found as a fact that the employer had knowledge of the respondent's accident within thirty days after its occurrence, and refused to sustain the appellants' defense that the respondent was barred by his failure to give the required written notice.

The sole question for determination here is whether there is any evidence to support the finding of fact made by the Commission that the appellants had knowledge of the respondent's accident within thirty days after its occurrence. The answer to this question depends upon the evidence that is in the record upon this issue. The respondent testified that his alleged injury took place on Monday. He did not work on Tuesday because it was raining but did work on Wednesday, Thursday and Friday of said week. Even though the respondent claims that he suffered an injury by accident on Monday, he said nothing about it until Friday and he testified that he said to his employer "I feel like I'm kind of hurting", * * * "I've got a kind of hurting in my side and in my back * * * I got a knot on my side." When asked if he said anything to his employer about how he got hurt his answer was "No, sir, I never did say anything

about how I got it." He further testified that he told Robert Richardson, his employer, "I believe I've got hemorrhoids." The record also shows that the respondent talked to Lewis Richardson, whom he described as a "boss" and "I just told him I felt like I pulled something another. A colored boy named Roosevelt said, 'There aint nothing wrong with you'. You know, we just talked along with a lot of foolishness. Well the work was going along smooth and I didn't think nothing about it." He further testified that he told Lewis Richardson that he thought his "trouble was coming from hemorrhoids," and Richardson let him have money enough to buy Preparation H, apparently a patent medicine for use in treating hemorrhoids.

Section 72-301 of the Code provides that every injured employee or his representative shall immediately on the occurrence of an accident or as soon thereafter as practical give to the employer a written notice thereof, unless it can be shown that the employer had knowledge of the accident. Section 72-302 of the Code provides that the notice required by Section 72-301 of the Code shall state in ordinary language the name and address of the employee and "the time, place, nature and cause of the accident and of the resulting injury." There is no testimony in this record showing that at any time the employer had knowledge that the respondent had an accident. It is true that the employer had knowledge that the respondent complained of a hurting in his side and back and the respondent believed that he was suffering from a hemorrhoid condition that brought about this pain. The aforesaid conversation would make the employer aware of the fact that the respondent was having some physical difficulty while at work but the employer's knowledge of the fact that an employee becomes ill while at work does not necessarily, of itself, serve the employer with notice that such illness constituted or resulted in a compensable injury. *Teigue v. Appleton Co.,* 221 S. C. 52, 68 S. E. (2d) 878. In our opinion there is no evidence to support the finding of fact that the employer had

knowledge of the respondent's alleged accident within thirty days after its occurrence. Having found that there is no evidence to support the finding of fact made by the Commission this court, and also the circuit court, has the power to reverse an award if there is an absence of evidence to support it. *Sola v. Sunny Slope Farms,* 244 S. C. 6, 135 S. E. (2d) 321.

It is conclusive from this record that the respondent has failed to show compliance with Section 72-301 of the Code. It follows, therefore, that the award must be reversed and judgment entered for the appellants.

The judgment below is reversed.

LEWIS, BUSSEY, BRAILSFORD and LITTLEJOHN, JJ., concur.