0333

Ronald W. LOWE, Appellant, v. AM-CAN TRANSPORT SERVICES, INC., and Liberty Mutual Insurance Company, Respondents.

(324 S. E. (2d) 87)

Court of Appeals

*Don R. Moorhead* of *Culbertson, Christian, Moorhead & Alexander,* Greenville, *for appellant.*

*C. Thomas Cofield, III* of *Doyle & Cofield,* Anderson, *for respondents.*

Heard Oct. 24, 1984.

Decided Dec. 12, 1984.

CURETON, Judge:

In this worker's compensation case, the single commissioner found that the appellant, Ronald W. Lowe, had timely notified his employer, Am-Can Transport Service, Inc. (Am-Can), of a work-related injury. The Full Commission reversed, finding that Lowe did not provide timely notice. The circuit court affirmed the Commission's reversal. Lowe appeals. We affirm.

Lowe is a truck driver who allegedly injured his lower back when his truck hit a "frost heave" (a large bump in the

pavement) whle driving in Nova Scotia in July, 1977. Lowe testified that when he returned to the home office following the trip, he told his supervisor about "hitting a frost heave and hurt[ing] [his] back and everything." This was the only notification he remembered giving to anyone at Am-Can. The testimony of Lowe's driving partner was contradictory. Neither of Am-Can's witnesses recalled Lowe giving notice of the accident.

After his return from the July Nova Scotia trip, Lowe went on a two-week vacation, then made two "runs" in August 1977, did not work in September, and made one "run" in late October to Nova Scotia.

In August 1977, Lowe decided to see a chiropractor about his back trouble. The chiropractor gave him an "excuse from work" which he took to Thompson, a co-owner of Am-Can. At that time Lowe did not tell Thompson how he had hurt his back. Lowe subsequently obtained several excuses from work from medical doctors but none indicated that he was suffering from a work-related injury.

Lowe also had "accident and sickness" (A & S) insurance coverage with his employer. He collected A & S benefits for six months. The benefits covered non-work related physical problems.

In February 1978, one of Lowe's doctors submitted an Industrial Commission Form 50[1] to Am-Can. When Am-Can received this notice, Thompson called Lowe who told him that it was not a worker's compensation claim. Thompson testifed that had he known it was a claim, Am-Can would not have approved payment of the A & S benefits.

Lowe filed the Form 50, on which this suit is premised, with the Industrial Commission in June 1980. The Commission mailed the form to the employer in July 1980. Am-Can timely responded by filing a Form 51[2] which stated: "It is denied that notice of injury was given the employer," and "the reasons for denial are: No injury reported." Two months later, and three weeks prior to the hearing, Am-Can filed an amended Form

---

[1] This form is provided the employee by the Commission, for the filing of a worker's compensation claim and to request a hearing.

[2] The employer utilizes this form to respond to the employee's application for benefits.

51, which stated the "no notice" defense more specifically: "Employer denies notice as required by Section 42-15-20" and "No notice of accident or injury alleged to arise out of accident given within ninety days."

The single commissioner found that Am-Can received timely notice of the injury and that Lowe was totally disabled from work due to injury to his back sustained while in the employ of Am-Can. Am-Can appealed to the Full Commission, but did not appeal the finding that Lowe's injury arose out of and in the course of his employment.

Lowe raises the following issues on appeal; (1) whether the evidence supports the Commission's finding that he did not notify his employer of the accident within ninety days, (2) whether the employer properly raised the defense of lack of notice in its pleadings, and (3) whether the circuit court erred in failing to reverse the Commission's decision because it addressed an issue not raised on appeal, viz, whether Lowe was disabled by reason of the alleged accident.

When reviewing the evidence and award of the hearing commissioner, the Commission may make its own findings of fact and reach its own conclusions of law either consistent or inconsistent with those of the hearing commissioner. *Green v. Raybestos-Manhattan, Inc.,* 250 S. C. 58, 156 S. E. (2d) 318 (1967); S. C. Code Ann. Section 42-17-50 (Cum. Supp. 1983). With respect to the question of notice of the injury, the Commission found that Lowe's testimony was not credible because of inconsistencies in it. Moreover, the Commission found that the testimony of Am-Can's employees impeached Lowe's claim that he furnished notice of his injury within ninety days of its occurrence.

Our own review of the findings of fact of the Commission, which findings were concurred in by the circuit court, is limited to determining whether the findings are supported by substantial evidence. *Lark v. Bi-Lo, Inc.,* 276 S. C. 130, 276 S. E. (2d) 304 (1981). We are prohibited from overturning findings of fact made by an administrative agency "unless there is no reasonable probability that the facts could be a related by a witness upon whose testimony the finding was based." *Lark v. Bi-Lo, Inc.,* 276 S. C. at 136, 276 S. E. (2d) 304. The burden was upon Lowe to show compliance

with the notice provisions of Section 42-15-20.[3] *Sanders v. Richardson*, 251 S. C. 325, 162 S. E. (2d) 257 (1968). The Commission's finding that he failed to carry his burden of proof is supported by the substantial evidence of the record.

We next consider the more technical issue of whether ■ Am-Can timely and adequately pled the defense of lack of notice of the injury. Industrial Commission Rule 67-32, S. C. Code Ann. Vol. 25, Ch. 67, requires an employer to reply to a claimant's application for benefits and hearing (Form 50) by "stating its position fully, replying to each specification in the application ... on a form (Form 51) as required by the Commission." The Rule also provides:

> Failure of an employer-carrier to respond, within the twenty (20) days allowed, to an application for benefits by a claimant, shall be deemed solely a general denial of liability for the benefits as claimed, and the employer-carrier shall, by such failure, forfeit special and affirmative defenses allowed by the Act, including the defenses available under Sections 42-9-50, 42-9-60, 42-15-20 to 42-15-40 and 42-15-90, Code of Laws of South Carolina, 1976.

Lowe concedes Am-Can's initial Form 51 was filed within twenty days after receipt of Lowe's Form 50; he argues that the initial Form 51 did not adequately state Am-Can's lack of notice defense. He further argues that Am-Can's later attempt to raise the defense by amendment of Form 51 was ineffective under Rule 67-32. We do not reach this question because we hold that the original Form 51 adequately raised the defense of lack of notice. In *Chapman v. Foremost Dairies, Inc.*, 249 S. C. 438, 443, 154 S. E. (2d) 845, 852 (1967), our Supreme Court, in considering whether a letter from the employer to the Commission adequately set out the grounds on which the employer denied liability, said:

> The rule [Rule 67-32] does not require, we think, any precise or formal pleadings, nor does it require the Defen-

---

[3] "Every injured employee or his representative shall immediately on the occurrence of an accident ... give ... to the employer a notice of the accident.... No compensation shall be payable unless notice is given within ninety days after the occurrence of the accident...."

dants to anticipate all questions that might possibly, or incidentally, arise under the law in the course of hearing. . . . The rule contemplates and requires only the simplest procedure and compliance with it enables the principle issues to be framed before a hearing is commenced.

A cursory examination of Am-Can's initial Form 51 reveals Am-Can contended from the start that it had received no notice of Lowe's injury. We hold that this was sufficient to raise the lack of notice defense.

Finally, Lowe argues that the Commission's expression that "The only reasonable inference that can be drawn from the testimony is that the claimant's condition existed prior to the alleged accident" constituted error because the issue of whether there had been a compensable injury was not before the Commission. The trial judge agreed, but found that the finding was harmless error and not reversible in view of the fact that this finding was not made the basis for the Commission's reversal of the single commissioner. We agree.

The Commission's order contains the following relevant finding:

> Even if this Commission should agree that the Claimant sustained an injury as the result of an accident arising out of and in the course of his employment, *it is the further finding of this Commission that the Claimant failed to give timely and proper notice of the alleged accident and injury as required by Section 42-15-20.* (emphasis added).

Additionally, the order clearly states that Lowe's claim is barred "because he failed to give timely notice to his employer." Nowhere is there any indication that the Commission based its reversal of the single commissioner on a consideration that the accident did not happen. An error is not reversible unless prejudice to the complaining party has resulted therefrom. *JKT Co. v. Hardwick*, 274 S. C. 413, 265 S. E. (2d) 510 (1980); *Darden v. Witham*, 263 S. C. 183, 209 S. E. (2d) 42 (1974). We do not see how the Commission's discussion of the extraneous issue prejudiced Lowe.

We therefore find that the Commission's order is not

clearly erroneous in view of the substantial evidence, was not based on unlawful procedure, nor affected by error of law. Accordingly, we affirm the trial court.

Affirmed.

SHAW and GOOLSBY, JJ., concur.