1823

Octavia WILLIAMS, Employee, Respondent v. SOUTH CAROLINA DEPARTMENT OF MENTAL RETARDATION, Appellant.

(418 S.E. (2d) 555)

Court of Appeals

*Lewis C. Lanier* of *Horger, Horger, Nance & Lanier,* Orangeburg, and *E. Ros Huff, Jr.* of *State Workers' Compensation Fund,* Columbia, *for appellant.*

*Synthia R. Glover,* Charleston, *for respondent.*

Submitted March 16, 1992.

Decided May 26, 1992.

*Per Curiam:*

This is a workers' compensation case. South Carolina Department of Mental Retardation (Appellant) appeals the decision of the Hearing Commissioner and the Full Commission who found that Octavia Williams (Williams) had reached maximum medical improvement on April 7, 1989, and suffered a 10 percent permanent impairment to her back. We affirm in part, reverse in part, and remand.

On April 9, 1987, while working the the Department of Mental Retardation, Williams sustained an injury to her back when she was pushed by a patient. Williams was seen by two neurosurgeons and one orthopaedic surgeon. Their opinions as to when Williams reached maximum medical improvement ranged from October 20, 1987 to April 15, 1988. All of the experts, except Williams' family physician, agreed after close physical examinations that Williams had no permanent partial

impairment. Williams' family physician, who treated her throughout this period, testified that she reached maximum medical improvement in June or July 1988, and that she had a 10 percent permanent partial impairment.

The Appellant petitioned to stop payment of the temporary benefits at a hearing on August 16, 1989. The Hearing Commissioner awarded temporary total benefits through April 7, 1989, and 10 percent permanent partial disability for her back injury. The Full Commission and the circuit court affirmed the Hearing Commissioner's order.

The only issue of merit is whether the date which the Hearing Commissioner found Williams had reached maximum medical improvement was based upon substantial probative evidence. On appeal this Court must affirm an award of the Workers Compensation Commission in which the circuit court concurred if substantial evident supports the finding. *Lark v. BiLo, Inc.*, 276 S.C. 130, 276 S.E. (2d) 304 (1981). An award in a workers' compensation case cannot be based on surmise, conjecture, or speculation. The Hearing Commissioner's finding that maximum medical improvement was reached on April 7, 1989, was not founded on any evidence of sufficient substance to afford a reasonable basis for it. *Bowen v. Chiquola Manufacturing Company*, 238 S.C. 322, 120 S.E. (2d) 99 (1961); *Bundrick v. Powell's Garage and Wrecker Service*, 248 S.C. 496, 151 S.E. (2d) 437 (1966).

Williams was examined and treated by four different physicians.[1] The latest date as to when Williams reached maximum medical improvement testified by one of these experts was June or July of 1988. We, therefore, hold that the finding of the Hearing Commissioner that maximum medical improvement was reached on April 7, 1989, is erroneous. We reverse the award of temporary total benefits and remand to the Full Commission for a determination of the date of maximum medical improvement based upon substantial medical testimony. The Full Commission is further directed to recalculate the award of temporary total benefits due Williams based upon this new date of maximum medical improvement.

---

[1] Reference is made in the record that Williams was treated by a pain clinic. However, no reports of treatment from this clinic are of record.

We find no merit in the contention that the award of 10 percent permanent impairment is not supported by substantial evidence.

Accordingly, the appealed order is affirmed insofar as it awarded Williams a 10 percent permanent impairment for her back, but it is reversed and remanded to the Full Commission for a proper determination of the date of maximum medical improvement.

Affirmed in part, reversed in part, and remanded.

