THIS
 OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS
 PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Michelle
 McGauvran, Appellant,
 v.
 Dorchester County,
 Self-Insured, through the S.C. Association of Counties Workers' Compensation
 Trust, Respondents.
 
 
 

Appeal From Charleston County
 J. C. Buddy Nicholson, Jr., Circuit Court
 Judge
Unpublished Opinion No. 2010-UP-302
Heard May 19, 2010  Filed June 9, 2010
Withdrawn, Submitted, and Refiled July 20,
 2010    
AFFIRMED

 
 
 
 Andrew Nathan Safran, of Columbia, for
 Appellant.
 Roy A. Howell, III, and Kirsten L. Barr, of Charleston, for
 Respondents.
 
 
 

PER CURIAM: 
 Michelle McGauvran (McGauvran) appeals an order of the circuit court affirming
 the finding of the South Carolina Workers' Compensation Commission (the
 Commission) that she is not entitled to benefits for an injury sustained while
 employed by Respondent Dorchester County.  On appeal, McGauvran argues the
 Commission erred in finding her injury was not a compensable injury by accident
 arising out of her employment and in failing to give proper weight to
 conflicting testimony.  
We affirm pursuant to Rule 220(b), SCACR, and the following
 authorities:  Tennant v. Beaufort
 County Sch. Dist., 381 S.C. 617, 620,
 674 S.E.2d 488, 490 (2009) (stating the appellate court must affirm the
 findings of fact by the Commission if its findings are supported by substantial
 evidence); Crosby v. Wal-Mart Store,
 Inc., 330 S.C. 489, 494-96, 499
 S.E.2d 253, 256-57 (Ct. App. 1998) (finding when substantial evidence supports
 the conclusion that the cause of a fall is an internal breakdown of the knee,
 it is appropriate to deny workers' compensation benefits because of the lack of
 a causal connection between the injury and employment); Miller v. Springs
 Cotton Mills, 225 S.C. 326, 330, 82 S.E.2d 458, 459 (1954) (concluding that
 an award of compensation because of the failure of claimant's knee "would
 necessitate opening the floodgates and holding that every internal failure
 suffered by an employee in the course of his employment becomes an accident
 just because it happens."); Pack v. State Dep't of Transp., 381
 S.C. 526, 536, 673 S.E.2d 461, 466 (Ct. App. 2009) (holding where there are conflicts in the evidence,
 the findings of the Commission are conclusive).
AFFIRMED.
FEW, C.J., THOMAS and PIEPER, JJ., concur.