THIS
 OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS
 PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Billy Joseph
 Powell, Employee, Appellant,
 
 
 

v.

 
 
 
 McCall Farms,
 Inc., Employer, and Companion Property and Casualty Group, Carrier, Respondents.
 
 
 

Appeal From the Appellate Panel
 South Carolina Workers' Compensation
Commission 

Unpublished Opinion No. 2012-UP-131
 Submitted February 1, 2012  Filed
February 29, 2012   

AFFIRMED

 
 
 
 Steve Wukela, Jr., of Florence, for
 Appellant.
 Carmelo B. Sammataro and J. Brandon
 Hylton, both of Florence, for Respondents.
 
 
 

PER CURIAM: Billy Joseph Powell appeals the order of the
 Appellate Panel of the South Carolina Workers' Compensation Commission
 (Appellate Panel) reversing the single commissioner's finding that Powell
 suffered a compensable work-related injury.  On appeal, Powell argues the
 Appellate Panel erred in (1) disregarding Dr. Rodney Alan's testimony; (2)
 disregarding Powell's testimony concerning his injury; and (3) reversing the
 single commissioner's finding that Powell's July 19, 2009 injury was causally
 related to the original March 31, 2009 left knee injury.  We affirm.[1]
"The [Appellate Panel]
 is the ultimate fact finder in Workers' Compensation
 cases and is not bound by the [s]ingle [c]ommissioner's findings of
 fact."  Pack v. S.C. Dep't of Transp., 381 S.C. 526, 532, 673
 S.E.2d 461, 464 (Ct. App. 2009).  "[The
 Appellate Panel] shall weigh the evidence as presented at the initial hearing
 and, if good grounds are shown, make its own findings of fact and reach its own conclusions of law consistent or inconsistent with those
 of the [s]ingle [c]ommissioner."  Id.  "[W]hile medical testimony is entitled to great respect, the fact finder may disregard it if other competent evidence is
 presented."  Potter v. Spartanburg Sch. Dist. 7, 395 S.C. 17, 23,
 716 S.E.2d 123, 126 (Ct. App. 2011).  Accordingly,
 "[t]he final determination of witness credibility
 and the weight to be accorded evidence is reserved to the Appellate Panel."  Id.   
We find substantial evidence
 exists to support the Appellate Panel's findings that Powell did not suffer a
 compensable work-related injury.  See S.C. Code Ann. § 1-23-380(5)(e)
 (Supp. 2011) (providing the appellate court must affirm a decision of the
 Appellate Panel when substantial evidence exists to support the decision).  Here,
 Powell testified the pain subsided shortly after the fall, and he was able to
 perform his work duties without any difficulty on the day of the fall. 
 Additionally, Dr. Alan, an orthopedic surgeon, diagnosed Powell with severe
 arthritis resulting in cartilage loss and a meniscus tear.  Dr. Alan also testified
 his medical notes indicated Powell had told him he had the knee pain for more
 than a year and he could not identify a particular injury or overuse that could
 have caused or contributed to the pain in his knees.  Dr. Alan stated Powell's
 work did not cause the arthritis.  
Moreover, because substantial
 evidence supports the Appellate Panel's findings that the March 31, 2009 injury
 was not a compensable work-related injury, this court need not address Powell's
 argument that the March 31, 2009 injury was causally related to the July 19,
 2009 injury.  See Futch v. McAllister Towing of Georgetown, Inc.,
 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (noting an appellate court need
 not address appellant's remaining issues when the determination of a prior
 issue is dispositive).  
AFFIRMED.
PIEPER,
 KONDUROS, and GEATHERS, JJ., concur.

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.