**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

## THE STATE OF SOUTH CAROLINA
### In The Court of Appeals

Jason Evans,                                      Respondent,

v.

Carolina Canners, Employer,
and Carolina Canners, Inc., Self
Insured, Carrier,                                 Defendants,

Of whom Carolina Canners is
the                                               Appellant.

_____

Appeal From the Appellate Panel
South Carolina Workers' Compensation Commission

_____

Unpublished Opinion No. 2012-UP-431
Submitted June 1, 2012 – Filed July 18, 2012

_____

### AFFIRMED
_____

Russell T. Infinger and Kirsten E. Small, both of Greenville, for Appellant.

Alan R. Cochran, of Greenville, for Respondent.

**PER CURIAM:** Carolina Canners, Inc. (Employer) appeals the order of the Appellate Panel of the South Carolina Workers' Compensation Commission (the Appellate Panel) awarding Jason Evans (Employee) permanent total disability for his right shoulder injury and ordering Employer to pay all of Employee's causally-related medical bills for his right shoulder, right arm, psychological overlay, and chronic pain. On appeal, Employer argues the Appellate Panel erred in finding Employee's chronic pain from his work-related shoulder injury caused his psychological overlay. Because we find substantial evidence exists to support the Appellate Panel's finding that Employee's work-related injury caused his psychological overlay, we affirm[1] pursuant to Rule 220(b)(1), SCACR, and the following authorities: Lockridge v. Santens of Am., Inc., 344 S.C. 511, 515, 544 S.E.2d 842, 844 (Ct. App. 2001) ("The Administrative Procedures Act establishes the standard of review for decisions by the South Carolina Workers' Compensation Commission. Any review of the [Appellate Panel]'s factual findings is governed by the substantial evidence standard. . . . Substantial evidence is evidence that, in viewing the record as a whole, would allow reasonable minds to reach the same conclusion that the [Appellate Panel] reached."(internal citations omitted)); S.C. Code Ann. § 42-1-160(D)(2-3) (Supp. 2011) (providing compensation is appropriate for stress, mental injuries, and mental illness alleged to have been aggravated by a work-related physical injury if "noted in a medical record of an authorized physician that, in the physician's opinion, the condition is at least in part causally-related or connected to the injury or accident . . . . or found to be causally-related or connected to the accident or injury after evaluation by an authorized psychologist or psychiatrist"); Pack v. State Dep't. of Transp., 381 S.C. 526, 538, 673 S.E.2d 461, 467 (Ct. App. 2009) ("Claims for psychological injury are compensable only if the claimant proves by a preponderance of evidence they are caused by physical injury or by extraordinary and unusual conditions of employment.").

**AFFIRMED.**

**FEW, C.J., and HUFF and SHORT, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.