**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Nikolay Gul, Claimant, Appellant,

v.

Kohler Company, Respondent.

Appellate Case No. 2016-000853

———————

Appeal From The Workers' Compensation Commission

———————

Unpublished Opinion No. 2019-UP-023
Submitted October 1, 2018 – Filed January 9, 2019

———————

**AFFIRMED**

———————

David Lee Williford, II, of Davis, Snyder, Williford & Lehn, P.A. of Greenville, for Appellant.

Grady Larry Beard, Jasmine Denise Smith, and Nicolas Lee Haigler, all of Robinson Gray Stepp & Laffitte, LLC, of Columbia, for Respondent.

———————

**PER CURIAM:** In this workers' compensation action, Nikolay Gul appeals an order of the Appellate Panel of the South Carolina Workers' Compensation Commission denying him benefits from Kohler Company, arguing the Appellate Panel erred in (1) affording no weight to his doctor's opinions and (2) failing to

find his asthma did not arise out of, and in the course of, his employment.  We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1.      As to Gul's argument the Appellate Panel afforded no weight to Dr. Feldman's records, evaluations, and opinions:  *Fishburne v. ATI Sys. Int'l*, 384 S.C. 76, 85-86, 681 S.E.2d 595, 600 (Ct. App. 2009) (stating the Appellate Panel is the sole fact finder in workers' compensation cases and any questions of credibility of witnesses must be resolved by the Appellate Panel); *Burnette v. City of Greenville*, 401 S.C. 417, 427, 737 S.E.2d 200, 206 (Ct. App. 2012) ("Although medical evidence 'is entitled to great respect,' the [Appellate Panel] is not bound by the opinions of medical experts and may disregard medical evidence in favor of other competent evidence in the record.").

2.      As to Gul's argument the Appellate Panel erred in finding he failed to establish a compensable occupational disease:  S.C. Code Ann. § 42-11-10(A) (2015) (defining an occupational disease as "a disease arising out of and in the course of employment that is due to hazards in excess of those ordinarily incident to employment and is peculiar to the occupation in which the employee is engaged"); *Fishburne*, 384 S.C. at 85, 681 S.E.2d at 599 ("The Appellate Panel's decision must be affirmed if supported by substantial evidence in the record."); *Shealy v. Aiken Cty.*, 341 S.C. 448, 455, 535 S.E.2d 438, 442 (2000) ("Substantial evidence is not a mere scintilla of evidence nor evidence viewed from one side, but such evidence, when the whole record is considered, as would allow reasonable minds to reach the conclusion the [Appellate Panel] reached."); *Langdale v. Harris Carpets*, 395 S.C. 194, 200, 717 S.E.2d 80, 83 (Ct. App. 2011) ("Where the evidence is conflicting over a factual issue, the findings of the Appellate Panel are conclusive."); *Pack v. S.C. Dep't of Transp.*, 381 S.C. 526, 536, 673 S.E.2d 461, 466-67 (Ct. App. 2009) ("The [Appellate Panel] need not accept or believe medical or other expert testimony, even when it is unanimous, uncontroverted, or uncontradicted."); *Fishburne*, 384 S.C. at 85, 681 S.E.2d at 600 ("[T]he possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence." (alteration by court) (quoting *Palmetto All., Inc. v. S.C. Pub. Serv. Comm'n*, 282 S.C. 430, 432, 319 S.E.2d 695, 696 (1984))).

**AFFIRMED.**[1]

**HUFF, SHORT, and WILLIAMS, concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.