**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(D)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

O'Shea L. Brown, Claimant, Appellant,

v.

Steel Technologies, Employer, and Twin City Fire Ins. Co., Carrier, Respondents.

Appellate Case No. 2016-001992

---

Appeal From The Workers' Compensation Commission

---

Unpublished Opinion No. 2019-UP-070
Submitted December 6, 2018 – Filed February 13, 2019

---

**AFFIRMED IN PART AND REVERSED IN PART**

---

Joe Ann Calvy, of Kingstree, for Appellant.

Matthew Clark LaFave, of Crowe LaFave, LLC, of Columbia, for Respondents.

---

**PER CURIAM:** In this workers' compensation action, O'Shea Brown appeals an order of the Appellate Panel of the South Carolina Workers' Compensation Commission (Appellate Panel) denying him benefits from Steel Technologies and Twin City Fire Insurance Company (together, Respondents), arguing the Appellate Panel erred in finding (1) Brown's injuries were not compensable; (2) Brown was

not permanently and totally disabled; (3) Brown is entitled to an award of only 12% permanent partial disability to his right leg; (4) Brown is not entitled to future medical treatment; and (5) Respondents are entitled to credit for overpayment of temporary benefits from the date of the Single Commissioner's hearing to the date he issued his order. We affirm in part and reverse in part pursuant to Rule 220(b), SCACR, and the following authorities:

I. As to whether the Appellate Panel erred in finding Brown's injuries were not compensable: *Potter v. Spartanburg Sch. Dist. 7*, 395 S.C. 17, 22, 716 S.E.2d 123, 126 (Ct. App. 2011) ("In workers' compensation cases, the Appellate Panel is the ultimate fact finder."); *id.* at 23, 716 S.E.2d at 126 ("The Appellate Panel is given discretion to weigh and consider all the evidence . . . ," and "[t]he final determination of witness credibility and the weight to be accorded evidence is reserved to the Appellate Panel."); *Dozier v. Am. Red Cross*, 411 S.C. 274, 289, 768 S.E.2d 222, 229-30 (Ct. App. 2014) ("[T]he Appellate Panel is the ultimate finder of fact, and when evidence is conflicting over a factual issue, the findings of the Appellate Panel are conclusive."); *Tiller v. Nat'l Health Care Ctr. of Sumter*, 334 S.C. 333, 340, 513 S.E.2d 843, 846 (1999) ("Expert medical testimony is designed to aid the [Appellate Panel] in coming to the correct conclusion; therefore, the [Appellate Panel] determines the weight and credit to be given to the expert testimony."); *Pack v. S.C. Dep't of Transp.*, 381 S.C. 526, 536, 673 S.E.2d 461, 466-67 (Ct. App. 2009) ("The [Appellate Panel] need not accept or believe medical or other expert testimony, even when it is unanimous, uncontroverted, or uncontradicted."); *Fishburne v. ATI Systems Int'l*, 384 S.C. 76, 85, 681 S.E.2d 595, 600 (Ct. App. 2009) ("[T]he possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence." (alteration by court) (quoting *Palmetto All., Inc. v. S.C. Pub. Serv. Comm'n*, 282 S.C. 430, 432, 319 S.E.2d 695, 696 (1984))); *id.* at 85, 681 S.E.2d at 599 ("The Appellate Panel's decision must be affirmed if supported by substantial evidence in the record."); *Shealy v. Aiken Cty.*, 341 S.C. 448, 455, 535 S.E.2d 438, 442 (2000) ("Substantial evidence is not a mere scintilla of evidence nor evidence viewed from one side, but such evidence, when the whole record is considered, as would allow reasonable minds to reach the conclusion the [Appellate Panel] reached."); *Pack*, 381 S.C. at 536, 673 S.E.2d at 467 ("Thus, even sharply contradicted evidence of injury can constitute substantial evidence for purposes of review."); *Shealy*, 341 S.C. at 455, 535 S.E.2d at 442 ("The final determination of witness credibility and the weight to be accorded evidence is reserved to the [Appellate Panel]."); *Hill v. Eagle Motor Lines*, 373 S.C. 422, 434, 645 S.E.2d 424, 430 (2007) ("Injuries are covered by the South Carolina Workers'

Compensation Act when they arise out of and in the course of employment and when they naturally and unavoidably result from the accident in question."); S.C. Code Ann. § 42-1-160(A) (2015) ("'Injury' and 'personal injury' mean only injury by accident arising out of and in the course of employment . . . ."); *Houston v. Deloach & Deloach*, 378 S.C. 543, 553, 663 S.E.2d 85, 90 (Ct. App. 2008) ("The phrase 'arising out of' in the Workers' Compensation Act refers to the injury's origin and cause. For an injury to 'arise out of' employment, the injury must be proximately caused by the employment." (quoting *Osteen v. Greenville County Sch. Dist.*, 333 S.C. 43, 50, 508 S.E.2d 21, 24 (1998))); *Clade v. Champion Labs.*, 330 S.C. 8, 11, 496 S.E.2d 856, 857 (1998) ("The claimant has the burden of proving facts that will bring the injury within the workers' compensation law, and such award must not be based on surmise, conjecture[,] or speculation."); S.C. Code Ann. § 42-9-35(A) (2015) (providing the evidence that must be presented for a preexisting injury or condition: "The employee shall establish by a preponderance of the evidence, including medical evidence, that: (1) the subsequent injury aggravated the preexisting condition or permanent physical impairment; or (2) the preexisting condition or the permanent physical impairment aggravates the subsequent injury"); S.C. Code Ann. § 42-9-35(C) (2015) (defining "medical evidence" as "expert opinion or testimony stated to a reasonable degree of medical certainty, documents, records, or other material that is offered by a licensed health care provider"); S.C. Code Ann. § 42-9-35(B) (2015) ("The [Appellate Panel] may award compensation benefits to an employee who has a permanent physical impairment or preexisting condition and who incurs a subsequent disability from an injury arising out of and in the course of his employment for the resulting disability of the permanent physical impairment or preexisting condition and the subsequent injury.").

II.     As to Brown's issues numbers two through four:  *Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (holding an appellate court need not review remaining issues when its determination of another issue is dispositive of the appeal).

III.     As to whether the Appellate Panel erred in finding Respondents are entitled to credit for overpayment of temporary benefits from the date of the Single Commissioner's hearing to the date he issued his order, we agree.  The Single Commissioner found Respondents were not entitled to a deduction from compensation under section 42-9-210 of the South Carolina Code (2015) because they did not did not request credit for overpayment of benefits at the hearing before the Single Commissioner and Respondents did not file a Form 21 request for stop

payment of benefits.  The Appellate Panel reversed, finding the issue of overpayment is one of equity and the delay in termination was not caused by any fault of the Respondents.  However, the delay in the court's order also was not caused by any fault of Brown.  Therefore, we find Respondents were not entitled to any credit for overpayment to Brown from the date of the hearing to the date the order was issued.

**AFFIRMED IN PART and REVERSED IN PART.**[1]

**HUFF, SHORT, and WILLIAMS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.