**STATE of Minnesota, Respondent,**

v.

**Gregory Alan DeGIER, Appellant.**

**No. C3–85–1856.**

Court of Appeals of Minnesota.

May 20, 1986.

See also, 387 N.W.2d 908.

Hubert H. Humphrey, III, Atty. Gen., Joel A. Watne, Sp. Asst. Atty. Gen., St. Paul, for respondent.

James F. Nelson, Pope Co. Atty., Jeffrey D. Kuhn, Asst. Co. Atty., Glenwood, Dewey M. Nelson, Alexandria, for appellant.

Heard, considered, and decided by WOZ-NIAK, P.J., and HUSPENI and RANDALL, JJ.

## OPINION

RANDALL, Judge.

Gregory DeGier appeals from his September 24, 1985, judgment of conviction for driving under the influence, Minn.Stat. § 169.121, subds. 1(a), (d); 3(a) (1984) (second conviction in five years). At the probable cause hearing, appellant moved the court to suppress the results of his breath test as well as statements made by appellant to the officer after the officer read him the *Miranda* warning. The court denied his motion, and found him guilty of driving under the influence. Appellant does not claim that the arresting officer acted unlawfully. Instead, appellant attacks the statutory language of the implied consent advisory, claiming the advisory fails to inform drivers that they have the right to refuse to take the breath test, a denial of due process. We affirm.

## FACTS

Appellant was stopped by Deputy Robert Miller while traveling east on County Road 18. Deputy Miller noticed appellant's car cross over the center line and swerve back to the shoulder several times. On stopping appellant's car and observing appellant, Deputy Miller noticed appellant's bloodshot watery eyes and the strong smell of alcohol on appellant's breath.

Deputy Miller read appellant the implied consent advisory. Appellant took a breath test, which showed his alcohol concentration to be .16. Minn.Stat. § 169.01, subd. 61 (1984). Deputy Miller read appellant his *Miranda* rights and arrested him for driving while under the influence. Appellant admitted to having approximately five beers before driving his car. Appellant had a previous DWI conviction on January 7, 1983.

## ISSUE

Is the language in the implied consent advisory a denial of appellant's right to due process of law because it does not explicitly state that a driver has the option to refuse a test if he accepts the consequences of refusal?

## ANALYSIS

Appellant claims Minn.Stat. § 169.123, subd. 2(b) (1984) violates his right to due

process by not clearly informing him that he has the option to refuse testing. The advisory, Minn.Stat. § 169.123, subd. 2(b) (1984) reads, in pertinent part:

At the time a test is requested, the person shall be informed:

(1) that Minnesota law *requires* the person to take a test to determine if the person is under the influence of alcohol or a controlled substance;

(2) that *if testing is refused,* the person's right to drive will be revoked for a minimum period of one year or, if the person is under the age of 18 years, for a period of one year or until he or she reaches the age of 18 years, whichever is greater;

(3) that *if a test is taken* and the results indicate that the person is under the influence of alcohol or a controlled substance, the person will be subject to criminal penalties and the person's right to drive may be revoked for a minimum period of 90 days or, if the person is under the age of 18 years, for a period of six months or until he or she reaches the age of 18 years, whichever is greater;

\* \* \* \* \* \*

(5) that *if he refuses to take a test,* the refusal will be offered into evidence against him at trial.

Minn.Stat. § 169.123, subds. 2(b)(1), (2), (3), and (5) (emphasis added).

Appellant argues that the implied consent advisory is not a rule of substantive law. He argues that, lacking a supporting substantive law, subd. 2(b) fails to give notice of "required acts" as mandated by *Geiger v. City of Eagan,* 618 F.2d 26, 28 (8th Cir.1980), and thus violates appellant's right to due process by not clearly informing a driver that he may refuse to take the test.

Respondent cites case law from other jurisdictions, which discuss the policy behind implied consent laws, among them *Campbell v. Superior Court,* 106 Ariz. 542, 479 P.2d 685 (1971). The *Campbell* court analyzed similar "refusal" language in the Arizona statute and stated "this lan-

guage does not give a person a 'right' to refuse to submit to the test, only the physical power." *Id.* 479 P.2d at 692–3.

 A driver does not have the "right" to refuse testing. Minnesota law requires a driver to take the test. *Nyflot v. Commissioner of Public Safety,* 369 N.W.2d 512 (Minn.), *appeal dismissed,* —— U.S. ——, 106 S.Ct. 586, 88 L.Ed.2d 567 (1985). However, we do not agree with appellant's contention that the implied consent advisory fails to give notice that a driver can refuse to take the test. Minn. Stat. § 169.123, subd. 2(b)(1), although using the word "requires", is immediately followed by paragraphs 2, 3, and 5, which state in clear language the legal consequences of refusal. We recognize the argument that the word "requires" in paragraph (1) may appear at first reading to give no option. But when followed immediately by three separate paragraphs discussing the consequences of refusal, we hold that the overall language in Minn.Stat. § 169.123, subd. 2 gives a driver adequate notice that, although required to take the test by virtue of a decision to operate a motor vehicle within the State of Minnesota, a driver can elect not to take the test if the driver accepts the immediate consequences.

In so holding, we give to subdivision 2, paragraphs 1–5, a legal interpretation which gives "effect to all its provisions when taken as a whole." Minn.Stat. § 645.16 states:

When the words of a law are not explicit, the intention of the legislature may be ascertained by considering, among other matters:

(1) The occasion and necessity for the law;

(2) The circumstances under which it was enacted;

(3) The mischief to be remedied;

(4) The object to be attained;

\* \* \* \* \* \*

(6) The consequences of a particular interpretation;

*Id.* We hold that the language of the implied consent advisory, construed as a whole, gives a driver adequate notice that he may elect to refuse testing if he is willing to accept the consequences.

### DECISION

The trial court did not err in finding appellant violated Minn.Stat. §§ 169.121, subd. 1(a), (d) and subd. 3. The language of the implied consent advisory gave appellant adequate notice that he had the option, not the right, to refuse testing should he elect to refuse and accept the legal consequences.

Affirmed.