**Gregory Alan DeGIER,
Petitioner, Appellant,**

v.

**COMMISSIONER OF PUBLIC
SAFETY, Respondent.**

No. C8–85–2131.

Court of Appeals of Minnesota.

June 10, 1986.

Dewey M. Nelson, Alexandria, for petitioner, appellant.

Hubert H. Humphrey, III, Atty. Gen., Lawrence M. Shultz, Joel A. Watne, Sp. Asst. Attys. Gen., St. Paul, for respondent.

Considered and decided by POPOVICH, C.J., and PARKER and CRIPPEN, JJ., with oral argument waived.

### MEMORANDUM OPINION

CRIPPEN, Judge.

Pursuant to the implied consent laws, the trial court sustained the Commissioner's

revocation of appellant's driving privileges. Appellant claims the implied consent advisory violates his constitutional right to due process. We affirm.

Appellant Gregory Alan DeGier was arrested for driving while under the influence by Deputy Sheriff Robert William Miller. Miller brought DeGier to the Glenwood Police Department and read him the implied consent advisory. The advisory instructs subjects that they are required to take a test to determine if they are under the influence of alcohol or a controlled substance. In addition, the advisory states that if the test is taken and failed, the subject may suffer criminal penalties or revocation of driving privileges for a minimum of ninety days. The advisory also informs subjects that if they refuse testing, their right to drive will automatically be revoked for at least one year. Minn.Stat. § 169.123 subd. 2(b) (1984). Aside from reading appellant the implied consent advisory, Miller did not tell appellant that he had a right to refuse chemical testing.

Appellant testified that when Miller told him Minnesota law required him to take a test, he felt he had no choice as to whether he should or should not comply with the requirement. He did not feel he had a right to refuse testing, nor did anyone affirmatively tell him he had such a right. He testified that had he been told, he probably would have refused the test; he had a previous D.W.I. conviction within the last five years.

Appellant took the test and failed it, and the Commissioner of Public Safety revoked his license pursuant to the implied consent law. Appellant petitioned for judicial review. The trial court sustained the revocation; DeGier appeals.

## DECISION

Appellant was required to take a chemical test pursuant to the implied consent law. *Nyflot v. Commissioner of Public Safety*, 369 N.W.2d 512, 517 n.3 (Minn. 1985); Minn.Stat. § 169.123, subd. 2 (1984). The appellant's right to due process was not violated by the implied consent advisory. *See* Minn.Stat. § 169.123, subd. 2(b) (1984). A recent case determined that the advisory gives sufficient notice of the option to refuse testing, and is dispositive here. *See State v. DeGier*, 387 N.W.2d 227 (Minn.Ct.App.1986).

Affirmed.