**STATE of Minnesota, Respondent,**

v.

**Mark Wayne KLUVER, Appellant.**

**No. CX–85–2129.**

Court of Appeals of Minnesota.

June 17, 1986.

Hubert H. Humphrey, III, Atty. Gen., Joel A. Watne, Sp. Asst. Atty. Gen., St. Paul, Ann L. Carrott, Douglas Co. Atty., Alexandria, for respondent.

Dewey M. Nelson, Alexandria, for appellant.

Considered and decided by SEDGWICK, P.J., and FORSBERG and RANDALL, JJ., with oral argument waived.

**SUMMARY OPINION**

SEDGWICK, Judge.

Appellant Mark Kluver was convicted of DWI under Minn.Stat. § 169.121, subd. 1(d) (Supp.1985). The arresting officer read Kluver the Minnesota implied consent advisory, which states that a driver is required to take a test to determine whether he or she is under the influence of alcohol or a controlled substance. Minn.Stat. § 169.123, subd. 2(b)(1) (Supp.1985). The officer did not inform Kluver that he had the right to refuse testing.

Kluver appeals, arguing that his due process rights were violated because he was not informed that he had the right to refuse testing.

**DECISION**

This precise question was recently addressed by this court in *State v. DeGier*, 387 N.W.2d 227 (Minn.Ct.App.1986). In *DeGier* we held the implied consent advisory gives drivers adequate notice that they have the option, not the right, to refuse testing if they are willing to accept the consequences of refusal. Thus, Kluver's due process argument is without merit.

Affirmed.