Roy S. HOLTE, petitioner, Appellant,

v.

COMMISSIONER OF PUBLIC SAFETY, Respondent.

STATE of Minnesota, Respondent,

v.

Roy S. HOLTE, Appellant.

Nos. C7–86–154, CO–86–366 and C4–86–368.

Court of Appeals of Minnesota.

July 15, 1986.

Dewey M. Nelson, Dewey M. Nelson & Associates, Alexandria, for Roy S. Holte, petitioner, appellant.

Hubert H. Humphrey, III, Atty. Gen., Joel A. Watne, Special Asst. Atty. Gen., St. Paul, for Commissioner of Public Safety, respondent.

Joel A. Watne, Spec. Asst. Atty. Gen., James F. Nelson, Pope County Atty., Jeffrey D. Kuhn, Asst. County Atty., Glenwood, John M. Tollefson, Lac Qui Parle County Atty., Dawson, for State of Minnesota, respondent.

Heard, considered and decided by NIERENGARTEN, P.J., and LANSING and HUSPENI, JJ.

LANSING, Judge.

This appeal consolidates one implied consent case and two convictions for driving under the influence of alcohol. The three charges stem from two incidents, one on July 14, 1985, and one on November 17, 1985. On both occasions, appellant Roy Holte was read the implied consent advisory form. He took and failed the breath tests, was convicted of violating Minn.Stat. § 169.121, subd. 1 (1984), and the Commissioner of Public Safety revoked his driving privileges under Minn.Stat. § 169.123, subd. 4 (1984). He appeals his convictions and license revocation on the sole ground that his due process rights were violated because the advisory form did not notify him that he could choose to refuse testing.

This exact issue was raised and decided in an earlier appeal of an implied consent revocation, *DeGier v. Commissioner of Public Safety*, 387 N.W.2d 908 (Minn.Ct. App.1986), and a driving under the influence conviction, *State v. DeGier*, 387 N.W.2d 227, 230 (Minn.Ct.App.1986). In both cases we held that the implied consent advisory satisfies due process by giving the driver sufficient notice of the option to refuse testing and the consequences of refusal. The facts of these consolidated cases are not distinguishable. The order sustaining Holte's license revocation and the judgments of conviction are affirmed.

## DECISION

Affirmed.