23854

The TOWN OF MOUNT PLEASANT, Appellant v.
Harry O. SHAW, III, Respondent.

(432 S.E. (2d) 450)

Supreme Court

*Mark A. Mason,* of *Mason & Robertson,* Mt. Pleasant, *for appellant.*

*Lawrence E. Richter, Jr.* and *John M. Campbell,* both of *The Richter Firm, P.A.,* Charleston, *for respondent.*

Heard Nov. 16, 1992.

Decided May 10, 1993.

*Per Curiam:*

The Town of Mount Pleasant appeals Circuit Court's reversal of Respondent, Harry O. Shaw's (Shaw), Municipal Court conviction for Driving Under the Influence (DUI).

We reverse and reinstate the conviction.

## FACTS

Shaw was arrested and charged with DUI. He was taken to the police station and offered a breathalyzer test. Prior to administration of the test, the following advisory was read to Shaw:

> If you do not take this test your privilege to drive in South Carolina will be suspended or denied for a period of 90 days, regardless of the outcome of the criminal charges brought against you. If you take this Breathalyzer test, either the arresting officer(s) or I will give you reasonable assistance in contacting a qualified person, of your own choosing to conduct an independent test, at your expense.

The officer administering the test then asked Shaw if he wished to take the test, to which Shaw responded "Yes." The test was administered, resulting in a .25% blood alcohol reading.

Shaw was convicted of DUI in Municipal Court. Circuit Court reversed the conviction, holding that the advisory which was read to Shaw prior to administration of the breathalyzer did not adequately advise him of his option to refuse the test.

## ISSUE

Was Shaw adequately advised of his option to refuse the test?

## DISCUSSION

S.C. Code Ann. § 56-5-2950(a) (1991) provides, in part:

> No tests may be administered or samples taken unless the person has been informed that he does not have to take the test or give the samples but that his privilege to drive must be suspended or denied for ninety days if he refuses to submit to the test.

Shaw claims that the advisory he received was insufficient to place him on notice that he was not required to take the test. We disagree. A common sense reading of the advisory makes clear the consequences of both *taking* the test and *refusing* to take the test.

The cardinal rule of statutory construction is that the legislative intent prevails. *Truesdale v. S.C. Hwy. Dept.*, 264 S.C. 221, 213 S.E. (2d) 740 (1975). "A statutory provision should be given a reasonable and practical construction consistent with the purpose and policy expressed in the statute." *Hay v. South Carolina Tax Commission*, 273 S.C. 269, 273, 255 S.E. (2d) 827, 840 (1979).

We are unpersuaded by Shaw's contention that the legislature, in passing § 56-5-2950(a), intended any particular verbiage in the breathalyzer advisory. "The purpose of the advisory is not to persuade a driver to refuse testing, but to let a driver know the serious consequences of refusal." *McDonnell v. Commissioner of Public Safety*, 460 N.W. (2d) 363, 371 (Minn. App. 1990); *See also State v. Deets*, 234 Neb. 307, 450 N.W. (2d) 696 (1990).

We agree with those jurisdictions which hold that an advisory is sufficient if, construed as a whole, it provides the driver adequate notice that he may, if he so elects, refuse the test. *See State v. DeGier*, 387 N.W. (2d) 227 (Minn. App. 1986); *Olson v. State*, 698 P. (2d) 107 (Wyo. 1985).

We concur with the rule laid down in *Olson*:

> [I]f the arrested person is *reasonably informed* of his rights, duties and obligations under our implied consent law and he is *neither tricked nor misled* into thinking he has no right to refuse the test to determine the alcohol content in his blood, urine or breath, the test will generally be held admissible.

698 P. (2d) at 113 (Emphasis supplied).

The judgment below is REVERSED and the conviction re-instated.

Reversed.