677 S.E.2d 588

Suchart TAYLOR, Petitioner,

v.

SOUTH CAROLINA DEPARTMENT OF
MOTOR VEHICLES, Respondent.

No. 26637.

Supreme Court of South Carolina.

Heard Oct. 8, 2008.

Decided April 20, 2009.

Rehearing Denied June 8, 2009.

C. Bradley Hutto, of Williams & Williams, of Orangeburg, C. Rauch Wise, of Greenwood, Desa Ballard and P. Christopher Smith, Jr., both of West Columbia, and Michael Sean O'Neal, of N. Charleston, and Reese I. Joye, of Joye Law Firm, of N. Charleston, for Petitioner.

General Counsel Frank L. Valenta, Jr., Deputy General Counsel Philip S. Porter, and Assistant General Counsel Linda A. Grice, all of Columbia, for Respondent.

Justice WALLER:

We granted a writ of certiorari to review the Court of Appeals' opinion in *Taylor v. SC Dep't of Motor Vehicles,* 368 S.C. 33, 627 S.E.2d 751 (Ct.App.2006). We affirm.

## FACTS

Petitioner, Suchart Taylor, was involved in an automobile collision on I–26 in Berkeley County. A police officer arrived on the scene to find Taylor in his pickup truck being treated by paramedics. The officer smelled alcohol inside the vehicle and, when he attempted to speak with him, Taylor seemed disoriented and had heavy mouth injuries; he was unable to stand or perform field sobriety tests.

Taylor was taken to the emergency room, where he was advised of his Miranda rights and arrested for DUI. The officer determined Taylor's mouth injuries would prevent him from taking a breath test, so he requested a blood sample. The officer read the implied consent form aloud to Taylor, but did not provide him with a written copy of the form. Taylor refused the blood sample and refused to sign the implied consent form; he was therefore issued a notice that his driver's license would be suspended for ninety days.

Taylor filed for an administrative hearing to challenge the license suspension. The hearing officer upheld the suspension. Taylor petitioned for judicial review contending the license suspension was invalid because he had not been provided with a written copy of the implied consent law, as required by S.C.Code Ann. § 56–5–2951 (2006). The trial court agreed and reversed the license suspension. The Court of Appeals reversed the trial court's ruling; it held Taylor was not

prejudiced by the lack of a written copy of the implied consent form because he was read those rights aloud.

## ISSUE

Did the Court of Appeals properly hold that Taylor was not prejudiced by the lack of written notice of the implied consent law?

## DISCUSSION

The Implied Consent Statute, S.C.Code Ann. § 56–5–2950(a) (2006), provides that a person who drives a motor vehicle in South Carolina is considered to have given consent to chemical tests of his breath, blood, or urine to determine whether the person was driving a motor vehicle while under the influence of alcohol, drugs, or a combination of alcohol and drugs. The statute provides, in pertinent part:

No **tests may be administered or samples obtained unless the person has been informed in writing** that:

(1) he does not have to take the test or give the samples, but that his privilege to drive must be suspended or denied for at least ninety days if he refuses to submit to the tests and that his refusal may be used against him in court;

(2) his privilege to drive must be suspended for at least thirty days if he takes the tests or gives the samples and has an alcohol concentration of fifteen one hundredths of one percent or more;

(3) he has the right to have a qualified person of his own choosing conduct additional independent tests at his expense;

(4) he has the right to request an administrative hearing within thirty days of the issuance of the notice of suspension; and

(5) if he does not request an administrative hearing or if his suspension is upheld at the administrative hearing, he must enroll in an Alcohol and Drug Safety Action Program.

S.C.Code Ann. § 56–5–2950(a). (Emphasis supplied). Subsection 56–5–2950(e) provides that the failure to follow policies or procedures set forth in § 56–5–2950 will result in the exclusion from evidence of any tests results, "if the trial judge

or hearing officer finds that such failure materially affected the accuracy or reliability of the tests results or the fairness of the testing procedure." Notably, neither section (a) nor section (e) addresses the issue of license suspension for the failure to comply with the procedures set forth therein.

S.C.Code Ann. § 56–5–2951(a), governs the Department of Motor Vehicle's (DMV) suspension of a driver's license for refusing to submit to a test or for certain levels of alcohol concentration. The statute states that the DMV "shall suspend the driver's license ... of ... a person who drives a motor vehicle and refuses to submit to a test provided for in Section 56–5–2950;" the statute gives an offender thirty days in which to request an administrative hearing. S.C.Code Ann. § 56–5–2951(B)(2). The hearing must be held within thirty days and is limited to a determination of whether the person:

(1) was lawfully arrested or detained;

(2) was advised in writing of the rights enumerated in Section 56–5–2950;

(3) refused to submit to a test pursuant to Section 56–5–2950; or

(4) consented to taking a test pursuant to Section 56–5–2950 (and several conditions relating to administration of the test).

S.C.Code Ann. § 56–5–2951(F)(1–4). We find nothing in section 56–5–2951 which mandates re-issuance of the driver's license if one, or all of the above factors is not met. If the Legislature had intended the lack of written notice (or any other factor) to be a fatal defect, it could have said so in the statute. *Giannini v. SC Department of Transportation*, 378 S.C. 573, 664 S.E.2d 450 (2008) (if Legislature had intended certain result in a statute it would have said so). *Accord S.C. Dep't of Motor Vehicles v. Nelson*, 364 S.C. 514, 523, 613 S.E.2d 544, 549 (Ct.App.2005) (requirements for suspension for refusal to consent do not include written notice of implied consent statute).

We hold the criterion in § 56–5–2951(f) are simply factors which the DMV may consider in determining whether to

uphold a suspension, i.e., a prejudice analysis. Given that nothing in § 56–5–2951 provides for mandatory re-issuance of a driver's license upon review of these factors, we find an examination of the four factors with an eye toward prejudice is the proper inquiry. Accordingly, the Court of Appeals properly applied a prejudice analysis. Given that it is undisputed Taylor was advised of the implied consent warning, the Court of Appeals properly found he suffered no prejudice from the officer's lack of written notice. Accordingly, the Court of Appeals' opinion is affirmed.

**AFFIRMED.**

TOAL, C.J., and Acting Justice BILLY A. TUNSTALL, concur.

BEATTY, J., dissenting in a separate opinion in which PLEICONES, J., concurs.

Justice BEATTY:

I respectfully dissent. Section 56–5–2950(a) of the South Carolina Code specifically states no tests may be administered or samples obtained unless the person has been informed in writing of certain provisions of the section. S.C.Code Ann. § 56–5–2950(a). It is undisputed that Taylor was not "informed in writing." In my view, the Department of Motor Vehicles cannot suspend a driver's license because driver refused to take a test that the law enforcement officer was not authorized to administer.

The South Carolina Legislature specifically set forth a precondition that must be met before any tests may be administered. Section 56–5–2950 is unambiguous and its meaning and intent are clear. The Court may not simply ignore it. I would reverse the decision of the Court of Appeals.

PLEICONES, J., concurs.