THIS OPINION
 HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 
 Nikki Lauren Onorato, Appellant,
 
 
 
 
 

v.

 
 
 
 
 South Carolina
 Department of Motor Vehicles, Respondent.
 
 
 
 
 

Appeal From Richland County
 Deborah Brooks Durden, Administrative Law
Judge

Unpublished Opinion No. 2011-UP-164
 Submitted March 1, 2011  Filed April 14,
2011   

REVERSED

 
 
 
 Thomas C. Nelson, of Mt. Pleasant, for
 Appellant.
 Frank L. Valenta, Jr., Philip S. Porter,
 and Linda A. Grice, of Blythewood, for Respondent.
 
 
 

PER CURIAM:  Appellant
 Nikki Lauren Onorato appeals the order of the Administrative Law Court (ALC)
 affirming the suspension of her driver's license by Respondent South Carolina
 Department of Motor Vehicles (the Department).  We reverse[1] pursuant to Rule 220(b), SCACR, and the following authorities:  Department).  
As to the finding of the ALC
 that the Department made a prima facie showing to support the suspension of
 Onorato's driver's license, we reverse.[2]  See S.C. Code Ann. § 56-5-2951(A) (Supp.
 2010) ("The Department of Motor Vehicles must suspend the driver's
 license, permit, or nonresident operating privilege of or deny the issuance of
 a license or permit to a person who drives a motor vehicle and refuses to
 submit to a test provided for in Section 56-5-2950 . . . .")
 (emphasis added); S.C. Code Ann. § 56-5-2951(F)(2) (Supp. 2010) ("The
 scope of the [administrative] hearing is limited to whether the person: . . .
 was given a written copy of and verbally informed of the rights enumerated in
 Section 56-5-2950 . . . ."); OMVH Rule 15(B) ("In matters involving .
 . . the imposition of sanctions, including the suspension or revocation of a
 license, . . . the Department of Motor Vehicles shall have the burden of
 proof."); S.C. Dep't of Motor Vehicles v. McCarson, 391 S.C. 136,
 148-49, 705 S.E.2d 425, 431 (2011) ("[T]he Legislature promulgated section
 56-5-2951 in such a way that guards against an automatic or rote elimination of
 [a person's interest in his or her driver's license] . . . . [T]he Legislature
 placed the burden on the Department to present sufficient evidence . . .
 .").
REVERSED.
SHORT and PIEPER, JJ., and
 CURETON, A.J., concur.

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.
[2] The hearing officer and the ALC relied on Taylor
 v. S.C. Dep't of Motor Vehicles, 382 S.C. 567, 677 S.E.2d 588 (2009), to
 find Onorato was not entitled to reinstatement of her driver's license because
 she did not argue prejudice.  Because we find the Department failed to meet its
 burden of proof, we need not entertain a prejudice analysis.  Additionally, to
 the extent necessary, we factually distinguish Taylor and Carroll v.
 S.C. Dep't of Pub. Safety, 388 S.C. 39, 693 S.E.2d 430 (Ct. App. 2010), as
 each of those cases involved some evidence of an implied consent warning; here,
 the Department did not present any evidence that Onorato was given either a
 written or verbal warning.