**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Sabina Animas, Appellant,

v.

South Carolina Department of Motor Vehicles and Hanahan Police Department, Defendants,

Of whom the South Carolina Department of Motor Vehicles is the Respondent.

Appellate Case No. 2011-200866

———————————

Appeal From the Administrative Law Court
Deborah Brooks Durden, Administrative Law Court Judge

———————————

Unpublished Opinion No. 2012-UP-500
Submitted August 1, 2012 – Filed August 29, 2012

———————————

**AFFIRMED**

———————————

Christopher David Lizzi, of Lizzi Law Firm, PC, of North Charleston, for Appellant.

Frank L. Valenta, Jr., Linda Annette Grice, and Philip S. Porter, all of the South Carolina Department of Motor Vehicles, of Blythewood, for Respondent.

———————————

**PER CURIAM:**  Sabina Animas appeals the order of the Administrative Law Court (ALC) affirming the Department of Motor Vehicles' suspension of her driver's license.  On appeal, Animas argues the ALC erred in (1) finding section 17-1-40 of the South Carolina Code (Supp. 2011) was not applicable to the driving under the influence (DUI) charge and (2) admitting documents relating to her DUI charge as evidence to support the suspension. We affirm[1] pursuant to Rule 220(b), SCACR, and the following authorities:

1.      As to whether the ALC erred in finding section 17-1-40 does not apply to the DUI charge: S.C. Code Ann. § 17-1-40(A) (Supp. 2011) ("A person who after being charged with a criminal offense and the charge is discharged . . . [or] proceedings against the person are dismissed . . . the arrest and booking record, files, mug shots, and fingerprints of the person must be destroyed and no evidence of the record pertaining to the charge may be retained by any municipal, county, or state law enforcement agency."); S.C. Code Ann. § 17-1-40(C) (Supp. 2011) (providing this section does not apply to violations of Title 56); *State v. Jacobs*, 393 S.C. 584, 587, 713 S.E.2d 621, 622 (2011) ("Where the statute's language is plain and unambiguous, and conveys a clear and definite meaning, the rules of statutory interpretation are not needed and the court has no right to impose another meaning." (citation and quotation marks omitted)).

2.      As to whether the ALC erred in affirming the suspension of Animas's driver's license: *Taylor v. S.C. Dep't of Motor Vehicles*, 368 S.C. 33, 35-36, 627 S.E.2d 751, 752 (Ct. App. 2006) ("The findings of an administrative agency are presumed correct and will be set aside only if unsupported by substantial evidence. Substantial evidence is not a mere scintilla of evidence, nor the evidence viewed blindly from one side of the case, but is evidence which, considering the record as a whole, would allow reasonable minds to reach the conclusion the administrative agency reached in order to justify its action." (citation and quotation marks omitted)); S.C. Code Ann. § 56-5-2951(A) (Supp. 2011) ("The Department of Motor Vehicles must suspend the driver's license . . . of . . . a person who drives a motor vehicle and refuses to submit to a test provided for in Section 56-5-2950 . . . ."); S.C. Code Ann. § 56-5-2951(F)(1-3) (Supp. 2011) ("An administrative hearing must be held after the request for the hearing is received" and the "hearing is limited to whether the person: (1) was lawfully arrested or detained; (2) was given a written copy of and verbally informed of the rights . . . ; [and] (3) refused to submit to a test . . . .").

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.

**AFFIRMED.**

**HUFF, THOMAS, and GEATHERS, JJ., concur.**