**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

Ronald Morga, Appellant,

v.

South Carolina Department of Motor Vehicles, Respondent.

Appellate Case No. 2012-212479

---

Appeal From The Administrative Law Court
John D. McLeod, Administrative Law Judge

---

Unpublished Opinion No. 2013-UP-431
Heard November 15, 2013 – Filed November 27, 2013

---

**AFFIRMED**

---

Christopher David Lizzi, of Lizzi Law Firm, PC, of North Charleston, for Appellant.

Frank L. Valenta, Jr., Linda Annette Grice, and Philip S. Porter, all of Blythewood, for Respondent.

---

**PER CURIAM:** Ronald Morga appeals the order of the Administrative Law Court (ALC) affirming the final order of the South Carolina Department of Motor

Vehicles (the Department), which sustained the suspension of his driver's license. We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1.     As to whether Morga's arrest records should have been expunged:  S.C. Code Ann. § 17-1-40(A) (Supp. 2012) ("A person who after being charged with a criminal offense and the charge is discharged . . . [or] proceedings against the person are dismissed . . . the arrest and booking record, files, mug shots, and fingerprints of the person must be destroyed and no evidence of the record pertaining to the charge may be retained by any municipal, county, or state law enforcement agency."); S.C. Code Ann. § 17-1-40(C) (Supp. 2012) (providing subsection A "does not apply to a person who is charged with a violation of Title 50, Title 56, an enactment pursuant to the authority of counties and municipalities provided in Titles 4 and 5, or any other state criminal offense if the person is not fingerprinted for the violation"); *State v. Jacobs*, 393 S.C. 584, 587, 713 S.E.2d 621, 622 (2011) ("Where the statute's language is plain and unambiguous, and conveys a clear and definite meaning, the rules of statutory interpretation are not needed and the court has no right to impose another meaning." (quotation marks omitted)).

2.     As to whether the ALC erred in affirming the suspension of Morga's driver's license:  S.C. Code Ann. § 56-5-2951(A) (Supp. 2012) ("The Department of Motor Vehicles must suspend the driver's license . . . of . . . a person who drives a motor vehicle and . . . has an alcohol concentration of fifteen one-hundredths of one percent or more."); *Savannah Riverkeeper v. S.C. Dep't of Health & Envtl. Control*, 400 S.C. 196, 205, 733 S.E.2d 903, 908 (2012) ("[A]s a general rule, 'agencies charged with enforcing statutes . . . receive deference from the courts as to their interpretation of those laws.'" (quoting *State v. Sweat*, 379 S.C. 367, 385, 665 S.E.2d 645, 655 (Ct. App. 2008))); *Taylor v. S.C. Dep't of Motor Vehicles*, 368 S.C. 33, 35-36, 627 S.E.2d 751, 752 (Ct. App. 2006) ("The findings of an administrative agency are presumed correct and will be set aside only if unsupported by substantial evidence.  Substantial evidence is not a mere scintilla of evidence, nor the evidence viewed blindly from one side of the case, but is evidence which, considering the record as a whole, would allow reasonable minds to reach the conclusion the administrative agency reached in order to justify its action." (citations and quotation marks omitted)).

**AFFIRMED.**

**SHORT, WILLIAMS, and THOMAS, JJ., concur.**