**THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Kenneth Ray Anderson, Appellant,

v.

South Carolina Department of Motor Vehicles and Clemson University Police Department, Respondents.

Appellate Case No. 2013-002547

Appeal From The Administrative Law Court
Shirley C. Robinson, Administrative Law Judge

Unpublished Opinion No. 2014-UP-481
Submitted October 1, 2014 – Filed December 23, 2014

**AFFIRMED**

Ryan Lewis Beasley, of Ryan L. Beasley, P.A., of Greenville, for Appellant.

Frank L. Valenta, Jr., Linda Annette Grice, and Philip S. Porter, of the South Carolina Department of Motor Vehicles, all of Blythewood, for Respondents.

**PER CURIAM:**  Kenneth Ray Anderson appeals an order of the Administrative Law Court (ALC) sustaining the suspension of his license for refusing to submit to

a breath test as required under section 56-5-2951 of the South Carolina Code (Supp. 2013). On appeal, Anderson argues the ALC erred in affirming the suspension because the Department of Motor Vehicles (the Department) failed to establish Anderson (1) was given a written copy and was verbally informed of his rights under section 56-5-2950 and (2) was lawfully arrested for driving under the influence (DUI). We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1. As to whether the Department showed Anderson was properly advised of his implied consent rights: *S.C. Dep't of Motor Vehicles v. Holtzclaw*, 382 S.C. 344, 347, 675 S.E.2d 756, 758 (Ct. App. 2009) ("The court of appeals may reverse or modify the decision [of the ALC] only if substantive rights of the appellant have been prejudiced because the decision is clearly erroneous in light of the reliable and substantial evidence on the whole record, arbitrary or otherwise characterized by an abuse of discretion, or affected by other error of law."); *Taylor v. S.C. Dep't of Motor Vehicles*, 382 S.C. 567, 571, 677 S.E.2d 588, 590 (2009) ("Given that nothing in [section 56-5-2951(F) of the South Carolina Code (Supp. 2013)] provides for mandatory re-issuance of a driver's license upon review of these factors, we find an examination of the four factors with an eye toward prejudice is the proper inquiry."); *Carroll v. S.C. Dep't of Pub. Safety*, 388 S.C. 39, 44-45, 693 S.E.2d 430, 433 (Ct. App. 2010) (holding substantial evidence supported the ALC's finding the motorist was not prejudiced by the lack of written notice because the Department showed he was verbally advised of his implied consent rights).

2. As to whether the Department proved Anderson was lawfully arrested for DUI: S.C. Code Ann. § 1-23-610(B) (Supp. 2013) (stating an appellate court "may not substitute its judgment for the judgment of the [ALC] as to the weight of evidence on questions of fact"); *S.C. Dep't of Motor Vehicles v. McCarson*, 391 S.C. 136, 145, 705 S.E.2d 425, 430 (2011) ("The dispositive question in determining the lawfulness of an arrest is whether there was 'probable cause' to make the arrest."); *State v. Baccus*, 367 S.C. 41, 49, 625 S.E.2d 216, 220 (2006) ("Probable cause for a warrantless arrest exists when the circumstances within the arresting officer's knowledge are sufficient to lead a reasonable person to believe that a crime has been committed by the person being arrested."); *id.* ("Whether probable cause exists depends upon the totality of the circumstances surrounding the information at the officer's disposal.").

**AFFIRMED.**[1]

**HUFF, SHORT, and KONDUROS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.