**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

## THE STATE OF SOUTH CAROLINA
### In The Court of Appeals

Jennifer K. Salter, Appellant,

v.

South Carolina Department of Motor Vehicles and Conway Police Department, of whom the South Carolina Department of Motor Vehicles is the Respondent.

Appellate Case No. 2014-001025

---

Appeal From The Administrative Law Court
Deborah Brooks Durden, Administrative Law Judge

---

Unpublished Opinion No. 2015-UP-161
Submitted January 1, 2015 – Filed March 18, 2015

---

**AFFIRMED**

---

Michael Joseph O'Sullivan, of the Law Office of Michael J. O'Sullivan, of Conway, for Appellant.

Frank L. Valenta, Jr., Linda Annette Grice, and Philip S. Porter, all of the South Carolina Department of Motor Vehicles, of Blythewood, for Respondent.

---

**PER CURIAM:** Affirmed pursuant to Rule 220(b), SCACR, and the following authorities: S.C. Code Ann. § 56-5-2950(A) (Supp. 2014) (stating "[a] person who drives a motor vehicle in this State is considered to have given consent to chemical tests of the person's breath, blood, or urine for the purpose of determining the presence of alcohol, drugs, or the combination of alcohol and drugs, if arrested for an offense arising out of acts alleged to have been committed while the person was driving a motor vehicle while under the influence of alcohol, drugs, or a combination of alcohol and drugs"); S.C. Code Ann. § 56-5-2950(B)(1) (Supp. 2014) ("No tests may be administered or samples obtained unless, upon activation of the video recording equipment and prior to the commencement of the testing procedure, the person has been given a written copy of and verbally informed that . . . the person does not have to take the test or give the samples, but that the person's privilege to drive must be suspended or denied for at least six months . . . if the person refuses to submit to the test . . . ."); S.C. Code Ann. § 56-5-2950(J) (Supp. 2014) ("The failure to follow policies, procedures, and regulations [promulgated by the South Carolina Law Enforcement Division], or the provisions of [section 56-5-2950], shall result in the exclusion from evidence of any test results, if the trial judge or hearing officer finds that this failure materially affected the accuracy or reliability of the test results or the fairness of the testing procedure . . . ."); *Carroll v. S.C. Dep't of Pub. Safety*, 388 S.C. 39, 43-44, 693 S.E.2d 430, 433 (Ct. App. 2010) (recognizing the supreme court's finding in *Taylor v. S.C. Dep't of Motor Vehicles*, 382 S.C. 567, 677 S.E.2d 588 (2009), that (1) no prejudice resulted from the lack of written notice when the licensee was verbally advised of his implied consent rights pursuant to section 56-5-2950(B); (2) "nothing in the implied consent statute mandated re-issuance of a license for lack of procedural compliance with the statute"; and (3) "the remedy provided in the implied consent statute for any lack of procedural compliance is exclusion of the test results from evidence, and not [re-issuance] of an individual's driver's license").

**AFFIRMED.**[1]

**FEW, C.J., and THOMAS and LOCKEMY, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.