**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

State of South Carolina, Appellant,

v.

Danny Jame Plumley, Respondent.

Appellate Case No. 2019-000882

———————————

Appeal From Greenville County
Edward W. Miller, Circuit Court Judge

———————————

Opinion No. 2022-UP-292
Heard March 10, 2022 – Filed July 13, 2022

———————————

**REVERSED AND REMANDED**

———————————

Attorney General Alan McCrory Wilson and Assistant Attorney General Joshua Abraham Edwards, both of Columbia; and, Solicitor William Walter Wilkins, III, Solicitor, of Greenville, all for Appellant.

David Alan Wilson, of Wilson & Englebardt, LLC, of Greenville, for Respondent.

———————————

**PER CURIAM:** The State appeals the circuit court's order affirming the magistrate court's suppression of David Jame Plumley's blood-alcohol-

concentration (BAC) test.[1]  The State argues law enforcement was not required to give Plumley the implied-consent warning provided by section 56-1-2130 of the South Carolina Code (2018) because even though Plumley held a commercial driver's license (CDL), he was not driving a commercial vehicle when he was stopped for suspicion of driving under the influence (DUI).  Additionally, the State contends that even if Plumley was entitled to the advisement provided in section 56-1-2130, law enforcement's failure to give it did not prejudice him. We reverse and remand.

Section 56-l-2130(A) incorporates by reference section 56-5-2950 of the South Carolina Code (2018)—the implied-consent statute applicable to all drivers. Section 56-5-2950(J) provides BAC test results may be excluded if proper policies and procedures are not followed and "if the trial judge or hearing officer finds this failure *materially affected the accuracy or reliability of the test results or the fairness of the testing procedure*." (emphasis added).  The State maintains unless the failure to give the CDL implied-consent warning prejudiced Plumley in some way, the fairness of the testing procedure was not affected and his BAC test result should not have been suppressed.  We agree.

In *Taylor v. South Carolina Department of Motor Vehicles*, the court examined whether the failure to give a driver his implied consent warnings in writing was prejudicial when the driver had been given the warning verbally and claimed to have understood it.  368 S.C. 33, 38-39, 627 S.E.2d 751, 753-54 (Ct. App. 2006), *aff'd*, 382 S.C. 567, 677 S.E.2d 588 (2009).  The court reasoned "Taylor does not argue . . . he would have provided a blood test[2] [instead of refusing it] if he had received the implied[-]consent rights in writing.  Therefore, Taylor was not prejudiced by the fact that [the arresting officer] read the implied[-]consent rights out loud."  *Id*. at 38, 627 S.E.2d at 754.

---

[1] *See State v. Looper*, 421 S.C. 384, 387, 807 S.E.2d 203, 204 (2017) (explaining "the State may immediately appeal an interlocutory order 'granting the suppression of evidence which significantly impairs the prosecution of a criminal case.'" (quoting *State v. McKnight*, 287 S.C. 167, 168, 337 S.E.2d 208, 209 (1985))).

[2] The officer determined Taylor could not perform a BAC test due to mouth injuries sustained in the subject automobile accident.  *See id*. at 35, 627 S.E.2d at 752.

In *Carroll v. South Carolina Department of Public Safety*, Carroll testified he likely would have refused the BAC test, instead of submitting to it, if he had received the proper warnings.  388 S.C. 39, 44, 693 S.E.2d 430, 433 (Ct. App. 2010).  In spite of his assertions the written warning would have changed his decision, the court still "defer[red] to the [administrative law court]'s factual findings regarding whether Carroll verbally received and understood his implied[-]consent rights prior to testing."  *Id*.

*Taylor* and *Carroll* indicate the effect an implied-consent warning deficiency has on the driver's conduct is an important factor to consider.[3]  In this case, Plumley was properly given a general implied-consent warning and elected, based on that information, to submit to the BAC test.  He consented to the BAC test when knowingly facing a six-month suspension of his driver's license for refusing to do so.  To presume he would have altered course and refused the test if he had been informed of a lengthier, one-year suspension of his CDL, requires too great a leap in logic.[4]

Plumley maintains the failure to give the CDL implied-consent warning renders the testing procedure unfair per se because he could not have knowingly and intelligently waived his rights without the CDL warning.  *See State v. Reed*, 332 S.C. 35, 45, 503 S.E.2d 747, 752 (1998) ("[W]aiver of a constitutional or statutory right requires a showing on the record that the defendant made the waiver knowingly and intelligently.").  However, the right Plumley waived was the right to refuse the BAC test.  He was aware he had the right to refuse testing based on the warning that *was* given.  *See Town of Mount Pleasant v. Shaw*, 315 S.C. 111, 113-14, 432 S.E.2d 450, 451 (1993) (indicating if the defendant "*is neither tricked nor misled* into thinking he has no right to refuse the test to determine the alcohol content in his blood, urine[,] or breath, the test will generally be held admissible") (emphasis added by court) (quoting *Olson v. State*, 698 P.2d 107, 113 (Wyo. 1985)));  *id*. at 113, 432 S.E.2d at 451 ("[A]n [implied-consent] advisory is sufficient if, construed as a whole, it provides the driver adequate notice that he may, if he so elects . . . refuse the test.").  Because the failure to give the CDL warning did not affect the fairness of the testing procedure, Plumley suffered no

---

[3] *Taylor* and *Carroll* are both cases arising out of Administrative Law Court proceedings, but they address the existence of prejudice in the context of a failure to receive implied-consent warnings as prescribed by law.
[4] The record and briefs do not indicate Plumley was employed as a CDL driver at the time of his traffic stop.

prejudice from the warning's omission.[5]  Accordingly, we find the circuit court erred in affirming the magistrate court's suppression of the BAC test, and we reverse the circuit court's order and remand to the magistrate court for trial.

The circuit court's order is

**REVERSED AND REMANDED.**

**WILLIAMS, C.J., and KONDUROS and VINSON, JJ., concur.**

---

[5] We decline to address the State's argument Plumley was not entitled to the advisement set forth in section 56-1-2130, because even if he was entitled to such advisement, the failure to give it did not materially affect the fairness of the testing procedure.  *See Whiteside v. Cherokee Cnty. Sch. Dist. No. One*, 311 S.C. 335, 340, 428 S.E.2d 886, 889 (1993) (declining to address the remaining issues on appeal based on the disposition of an issue that finally determined the case).